## ISAAC *a.* VELLOMAN.

*New York Common Pleas ; Special Term, November*, 1856.

### IRRELEVANT MATTER.—WHEN STRICKEN OUT.

In the Common Pleas it is sufficient to sustain a motion to strike out irrelevant and redundant matter from a pleading, to show that it is such. The moving party is not required to show that he is specially aggrieved, otherwise than by being required to answer objectionable statements

Motion to strike out certain parts of a complaint, as irrelevant and redundant.

The action was for assault and battery. The portions of the complaint objected to were statements descriptive of the circumstances under which the assault was committed. We give

Isaac *a.* Velloman.

only so much of the points and opinion as relate to the rule of the Common Pleas in respect to striking out irrelevant matter.

*P. J. Joachimsen,* for the motion.

*P. F. Marselis,* opposed.—I. It does not appear that defendant is *aggrieved* by the matter objected to. Section 160 of the Code, under which the motion is made, only authorizes "aggrieved" parties to apply. (Hinds *v.* Griswold, 2 *Code R.,* 47; White *v.* Kidd, 4 *How. Pr. R.,* 68).

II. The matters complained of are material on the question of damages. Root *v.* Foster, (9 *How. Pr. R.,* 37).

III. The rule in regard to striking out redundant matter is, that unless the facts stated cannot properly be received in evidence, the statement will be retained until the trial. (Pollet *v.* Jewett, 1 *Am. Law Reg.,* 611; *S. C.,* 11 *N. Y. Leg. Obs.,* 193).

BRADY, J.,—after holding the matter complained of to be irrelevant and redundant.

It is no answer to this motion to say that the party must be aggrieved by the redundant matter, and must show it. There are some decisions which give to section 160 of the Code a very peculiar, and it may be said, extraordinary interpretation, holding that the party must indeed be aggrieved in some manner beyond the mere legal necessities which ensue from the insertion and retention of the irrelevant matter in the pleading. That view cannot be upheld, and has been repudiated in this court, not, however, without due deference. A party is aggrieved, if called upon to answer an irrelevant and redundant statement, and thus to create issues which the rules of pleading do not encourage or sustain. That imposes upon him a legal obligation by a system of pleading, which does not otherwise exist, and he is aggrieved by it. Every infraction of a legal right is a grievance, however made, and unless the legislature intended by the word aggrieved, some bodily or personal inconvenience, injury or suffering in addition thereto, that grievance is enough to justify the courts in expunging the irrelevant matter. I do not think the legislature so intended, and for the reasons assigned, regard the defendant aggrieved

by the irrelevant matter objected to, and think it must be stricken out.*

Order accordingly, with $5 costs to abide the event.

---

\* For the rule of the Supreme Court upon this subject, as laid down by Mitchell, J., see Martin *a.* Kanouse, 2 *Ante,* 330.