## MARRONE *v.* NEW YORK JOCKEY CLUB.

*(Supreme Court, General Term, First Department.* February 18, 1892.)

PLEADING—IRRELEVANT ALLEGATIONS—STRIKING OUT.

    A complaint, in an action by one who contracted to excavate rock at a fixed price per cubic yard for such work as should be done, claimed damages for not being allowed to proceed with the work after having done a certain quantity. *Held,* that allegations that the work already done was for defendant's benefit, was accepted by it, was paid for according to the terms of the contract, and that the same was signed by defendant's superintendent, should be stricken out, on motion, as irrelevant and redundant. LAWRENCE, J., dissenting.

Appeal from special term, New York county.

Action by Joseph Marrone against the New York Jockey Club to recover for breach of a contract for blasting and excavation. Defendant appeals from an order denying a motion to strike out certain allegations of the complaint as irrelevant. Reversed. For prior report, see 14 N. Y. Supp. 199.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Coddington & Cruikshank,* (*Alfred B. Cruikshank,* of counsel,) for appellant. *Edward H. Murphy,* for respondent.

O'BRIEN, J. The complaint alleges that the parties entered into an agreement, a copy of which is annexed, and that the defendant contracted therein under the name of the Westchester Jockey Club: "That all the blasting, excavations, and other work done upon the said contract was done upon the land and premises and for the benefit of said defendant, and that said defendant accepted the work already done by the plaintiff under said contract, and that the payments heretofore made to the plaintiff for said work were made by said defendant according to the terms of said contract, and that the James R. Jackson who signed said contract is the architect and superintendent of said defendant." The complaint alleges that the plaintiff entered upon the performance of the said contract, and fulfilled all its conditions, until the defendant had broken the said contract by refusing to further allow him to perform the same, upon the ground that there was no work to be done under said contract, and ordered the plaintiff to remove his men and apparatus and tools from those premises, and forbade plaintiff to do any more blasting, and refused to pay plaintiff for any other and further work than had already been done. It is further alleged "that there remained a large quantity of blasting and rock excavation required to be done under the terms and conditions of the contract." The contract referred to in this complaint has already been before this general term in this same action, and it was then commented on by the presiding justice, as follows: "He not only does not show that he has a cause of action against the defendant, but he fails to set out a cause of action against anybody. Not only was the contract in writing under seal, but in the name of a party other than the defendant, and there is no agreement therein contained that the party contracting with the plaintiff shall allow the plaintiff to do all this work. The plaintiff contracts to take out rock, etc., and the other party contracts to pay him a certain price for what he does take out, and nothing more. It is conceded that the plaintiff has been paid for all work done, and this action is brought to recover damages for not being allowed to do more. As there was no obligation to give the plaintiff more to do, this refusal could not rise to an action for damages sustained by such refusal."

The language objected to, and sought to be stricken out, is that above quoted from the complaint. As it stands, it must be answered under oath, and the question therefore presented is whether it is irrelevant and redundant. It is apparent that its purpose is in some way to support the plea of ratification, upon plaintiff's theory that the defendant, and not the Westchester Jockey Club, was the real party to the contract. If the complaint

were that some one else made the contract, and defendant afterwards ratified it, this suggestion might have some weight. The theory of plaintiff's action, however, is that the defendant itself made the contract, though under another name. The test, therefore, of its irrelevancy is to be determined by consideration of what would result upon the cause of action alleged, if all the language complained of were stricken out. So considered, it is clear that the same cause of action would remain, since it is founded, not upon work the defendant did accept or pay for or get the benefit of, but upon its refusal to permit the plaintiff to do the work contracted to be done.

The most that can be urged in favor of retaining the language objected to in the complaint would be that it contained a statement of items of evidence in support of the plaintiff's theory that the contract bound the defendant. The answer to this, however, is that facts must be set forth, and not evidence of facts. The purpose of pleading is to determine the issues as between the parties, and where, as here, language is introduced in the complaint, which, at best, is but evidence of certain facts, which facts themselves, if true, are not relevant to the issue, it should not be allowed to remain in the pleadings, and obscure and cloud the true issue which is to be determined upon the trial between the parties. As stated by Judge BRADY in *Isaac* v. *Velloman*, 3 Abb. Pr. 464: "A party is aggrieved if called upon to answer an irrelevant or redundant statement, and thus to create issues which the rules of pleading do not encourage or sustain. That imposes upon him a legal obligation, by a system of pleading which does not otherwise exist, and he is aggrieved by it. Every infraction of a legal right is a grievance, however made." The principles governing motions of this kind are fully set forth in the case of *Smith* v. *Hilton*, (Sup.) 2 N. Y. Supp. 820, which is an opinion of the general term of this court. It is therein held that it is the duty of the court, upon motion, to strike out such portions of a pleading as are irrelevant. We are of opinion that the motion to strike out the language objected to should have been granted; and the order is accordingly reversed, with $10 costs and disbursements, and motion granted.

VAN BRUNT, P. J., concurs.

LAWRENCE, J., (*dissenting.*) We are of the opinion that it cannot be successfully contended that the averment in the complaint which was sought to be stricken out was irrelevant, and that the order made below was therefore erroneous. The complaint, after alleging that the defendant is a domestic corporation, avers that on the 22d day of September, 1888, the parties to this action entered into a contract in writing, which is annexed, by which the plaintiff was to do certain excavating and blasting; that the said defendant contracted therein, under the name of the Westchester Jockey Club. It is then averred that all the blasting, excavating, and other work done under said contract was done upon the land and premises and for the benefit of said defendant, and that said defendant accepted the work already done under said contract, and that the payments heretofore made to plaintiff for said work were made by said defendant according to the terms of said contract, and that the Thomas R. Jackson who signed said contract is the architect and superintendent of the said defendant. The contract referred to is annexed to and made a part of the complaint, is under seal, and is signed, "Thos. R. Jackson, for the Westchester Jockey Club." If the paragraph of the complaint sought to be stricken out does not state a cause of action, the proper remedy of the defendant would seem to be by demurrer; but the motion is to strike out the same as irrelevant, and we are not prepared to say upon a motion that it is irrelevant. The opinion of this court, delivered in this case, reported in 14 N. Y. Supp. 199, was rendered upon an appeal from an order granting the plaintiff's motion to compel the defendant to produce a profile and survey for

his inspection in order to prepare his complaint. The complaint had not then been drawn, and was not before the court, and its sufficiency should be determined upon a demurrer, and not upon a motion to strike out portions of it. It further appears that the defendant is in no way aggrieved by the allegation objected to, nor was he embarrassed in his pleading. Code, § 545. See, also, *Town of Essex* v. *Railroad Co.*, 8 Hun, 361. The order appealed from must be affirmed, with costs and disbursements.