SANFORD *et al. v.* CLAFLIN *et al.*

*(Supreme Court, General Term, Third Department.*　March 15, 1892.)

ACTION ON CONTRACT—ANSWER—IRRELEVANT ALLEGATIONS.

In an action on a written contract by which defendants bound themselves to sell 24,000 pieces of carpeting of plaintiffs' manufacture each year, and to confine their sales to goods of plaintiffs' manufacture, in which the only issue was as to whether the true number of pieces was 20,000 or 24,000, and whether plaintiffs had agreed to furnish the same to defendants exclusively, the court properly struck from the answer, as irrelevant, allegations charging plaintiffs with making a private agreement to sell to another, it appearing that such agreement was made four years before that in controversy.

Appeal from special term, Montgomery county.

Action by Stephen Sanford and others against John Claflin and others. From an order striking out certain allegations from the answer, defendants appeal.　Affirmed.

Argued before PUTNAM and HERRICK, JJ.

*Charles W. Gould,* (*Westbrook, Borst & Perkins,* of counsel,) for appellants.　*W. L. Van Denbergh,* for respondents.

PUTNAM, J.　The action is brought upon a written contract dated February 11, 1888, by which defendants, in consideration of an extra 1 per cent., agreed to sell 24,000 pieces of plaintiffs' carpets, confining their sales of tapestry and velvet goods exclusively to those of plaintiffs' manufacture.　The complaint alleges the receipt and retention of a sum mentioned therein by defendants on account of said 1 per cent., a failure by defendants to perform the contract, and hence their liability to repay the said sum so paid to or retained by them.　The answer *first* admits and denies certain allegations contained in the complaint; *second,* admits a contract made on February 11, 1888, partly verbal and partly written, differing from the contract set out in the complaint, and alleges that defendants performed, and plaintiffs failed to perform, the covenants therein, whereby the defendants suffered damage; and, *third,* sets up the same facts as a counter-claim.　In the second part of the answer are the clauses stricken out by the special term, relating to one William H. Davis, a former agent of the defendants, discharged by them on or about December 31, 1884.　The alleged misconduct of the plaintiffs in making a private agreement with Davis preceded the making of the contract in question over four years.　We are unable to see what relevancy the allegations stricken out have to the issues raised by the pleadings in this case.　It will be observed that the written memorandum executed on February 11, 1888, as claimed by each of the parties, is the same, except that the defendants assert that the figures "twenty thousand" was contained in it before the figures "twenty-four thousand."　Both parties concede that, by the contract of February 11th, the defendants were to have an extra 1 per cent.　If there was a dispute raised by the pleadings in regard to this extra 1 per cent., it is possible that the allegations stricken out might be properly retained in the pleading.　But the contract in regard to the 1 per cent. is conceded to be in writing, and there is no issue in the pleadings in that regard; the only issue being as to whether defendants were to sell 20,000 or 24,000 pieces of goods each year, and whether plaintiffs agreed in the same contract to furnish defendants with goods of the quality specified in the answer, and to furnish such goods to the defendants exclusively.　We think it is plain that the allegations in the answer charging plaintiffs with making a private agreement with defendants' agent over four years before the making of the contract, which is the subject of the action, are irrelevant to the real issue in the case.　No claim is made for damages on account of the said acts of plaintiffs.　It may be inferred from the answer that the pleader intended to have it understood that the alleged improper action of the plaintiffs induced the defendants to insist upon receiving the extra

1 per cent., and the plaintiffs to yield to defendants' demand in that regard. But, if so, the allegation is entirely irrelevant. It is of no consequence what induced the defendants to demand and the plaintiffs to give the extra 1 per cent. The parties both agree that this 1 per cent. was reserved in the contract. No issue is raised in that regard, and the reasons that induced the action of the parties is not material.

If the clauses in the answer in regard to plaintiffs making a private arrangement with defendants' agent, Davis, on or before 1884, are allowed to remain in the pleading, defendants will have the right to offer testimony upon that subject on the trial of the case, and plaintiffs will have to be prepared to meet such evidence. But, inasmuch as there is no dispute between the parties in the pleadings as to the 1 per cent., it is difficult to see what relevancy such testimony would have to the real issues in the case. We therefore think that the order of the special term was correct. We bear in mind the holding of the general term of this district. *Town of Essex* v. *Railroad Co.*, 8 Hun, 361. In that case the court decided that irrelevant and redundant matter should be stricken from the pleadings with reluctance and caution. But the court determined in that case that it was proper to strike from the pleadings matter which on the first glance is plainly impertinent. We think the clauses stricken out by the special term were of that character, and, such clauses being impertinent, the allegations contained therein were of such a nature that they should not be allowed to remain in the pleadings. See *Smith* v. *Hilton,* (Sup.) 2 N. Y. Supp. 820. Order affirmed, with $10 costs and printing.