(5 Misc. Rep. 420.)

### VAN ALLEN et al. v. ROGERS et al.

(Superior Court of New York City. Special Term. November, 1893.)

PLEADING—ANSWER—AFFIRMATIVE RELIEF BETWEEN DEFENDANTS.

In an action to set aside a general assignment and a chattel mortgage made by defendant R. to defendants H. and P., respectively, as in fraud of creditors, defendant H. cannot have the chattel mortgage reduced on the ground that it constitutes a preference to the extent of more than one-third of the mortgagor's estate, as such relief is not within the case made by the complaint, and therefore is not within Code Civil Proc. § 1204, which provides that "a judgment may determine the ultimate rights of the parties on the same side, as between themselves, and it may grant to defendant any affirmative relief to which he is entitled."

Action by Van Allen and others against Rogers and others. Defendant Rogers moves to strike out part of the answer of defendant Howard.    Granted.

Freeman & Green, for the motion.
Allen, Talmage & Allen, opposed.

GILDERSLEEVE, J.    While it is true that section 1204 of the Code provides that a "judgment may determine the ultimate rights of the parties on the same side, as between themselves, and it may grant to a defendant any affirmative relief to which he is entitled," still this provision cannot reach such a case as this.    The defendants can have relief against each other only in reference to the claim made against them by the plaintiffs, and as a part of the adjustment of that claim, and it must be based upon the facts involved in, and brought out by, the litigation and investigation of that claim.    In such a case, all the parties being before the court, and all having been heard, and the facts being properly before the court, the rights, not only as between plaintiffs and defendants, but as between the parties on either side, can be adjusted.    But here the matters which the defendant Howard sets up against his codefendant have nothing whatever to do with the plaintiffs or their claim.    They are the facts for an independent litigation between him and his codefendant Plummer, and should not be permitted to embarrass this action. Kay v. Whittaker, 44 N. Y. 576.    The plaintiffs ask to have both the chattel mortgage made by defendant Rogers to defendant Plummer on August 18, 1893, and the general assignment of said Rogers to defendant Howard, made on August 25, 1893, declared void and set aside.    Both the answer of the defendant Plummer and that of defendant Howard deny the material allegations of the complaint, but the answer of defendant Howard proceeds to set up a cause of action, not as against plaintiffs, but as against his codefendant Plummer, alleging that the chattel mortgage was given to Plummer in view of the general assignment, which shortly followed, to Howard, but that it preferred Plummer for more than one-third of the debtor's estate, and the answer asks that the lien be reduced accordingly, and that a receiver of the property covered by the chattel mortgage be appointed, who shall pay over the amount to defendant Howard as assignee, after deducting the amount to which Plummer is legally entitled, etc.    This has nothing to do with the plaintiffs' claim, which is that both the chattel mortgage and assignment be set aside altogether.    The plaintiffs are judgment creditors of defendant Rogers, with unsatisfied executions, the judgments having been entered after the general assignment, but the indebtedness having been contracted before both the general assignment and the chattel mortgage.    The whole gist of the plaintiffs' action is to set aside as fraudulent the chattel mortgage and general assignment, and the answer of Howard denies the fraud, but claims that the chattel mortgage gave Plummer more than he was entitled to as a preferred creditor, and that the amount should be reduced accordingly.    The plaintiffs have nothing to do with this, unless it be that, as general creditors, it is for their interest that the amount in the hands of the

assignee, in the event that the assignment be held good, should be increased by the reduction of the chattel mortgage, as prayed for in the answer of defendant Howard. But the complaint seeks to have the assignment entirely swept away as a fraud upon plaintiffs. The complaint does not attack the chattel mortgage only, but the general assignment as well. In the case of Rafferty v. Williams, 34 Hun, 544, the general term of the supreme court, first department, held that, in an action by a judgment creditor to set aside as fraudulent a transfer of property from the debtor to his codefendant, the debtor cannot, under the power conferred by section 1204 of the Code, while admitting the transfer, but denying the fraudulent intent, allege that the transfer was obtained from him by means of a fraud practiced upon him by his codefendant, and demand that the assignment be for that reason vacated and set aside. The defendant Howard has no right by his answer to interpose this additional cause of action as against his codefendant Plummer, in an action brought by plaintiffs to set aside both the mortgage and the general assignment as fraudulent. Rafferty v. Williams, 34 Hun, 546; Kay v. Whittaker, 44 N. Y. 565-576; Lansing v. Hadsall, 26 Hun, 619. Section 1204 of the Code was intended to confer authority upon the courts to make a full and complete determination of the controversy in the action itself, by settling and determining all its incidental consequences, not to permit a distinct and separate cause of action to be brought into the case by means of the answer of one of the defendants, when that cause of action shall not be, as it is not in this case, in any form connected with the subject-matter of the action. Rafferty v. Williams, 34 Hun, 546. The facts set forth in the answer objected to are in no manner connected with, and did not grow out of, or result from, the case stated by the plaintiffs in their complaint, but were alleged and stated in order to set forth an entirely new cause of action, subverting that alleged and maintained by the plaintiffs; and therefore this part of the answer of defendant Howard is not authorized by any section of the Code. Smith v. Hilton, 50 Hun, 237, 2 N. Y. Supp. 820. In Lansing v. Hadsall, 26 Hun, 619, which was an action brought to foreclose a mortgage, in which the mortgagor and two other persons were made defendants, the complaint alleging that the two latter defendants held prior mortgages upon the premises, the amount due upon which was unknown to plaintiffs, and praying for the usual decree of foreclosure and sale, and that the mortgages of the plaintiffs and of the said defendants, respectively, be paid and satisfied out of the avails of the sale, according to their respective priorities, it was held that the mortgagor could not in this action serve an answer raising an issue between himself and one of his codefendants as to the validity of, and amount due upon, the prior mortgage alleged to be held by such codefendant. Lansing v. Hadsall, 26 Hun, 619. Only such affirmative relief can be granted one defendant as against another as is fairly within the general scope of the complaint and the proofs made under it, and no decree can be made between codefendants founded upon matters not stated in the complaint, nor in litigation between the plaintiff and the defendants, or either of them. Jones v. Grant, 10 Paige,

348.    The new matter set up in the answer of defendant Howard is neither a complete nor a partial defense, nor yet a counterclaim, as defined by the Code, and may therefore be stricken out on motion as irrelevant.    Kurtz v. McGuire, 5 Duer, 660.    For the reasons above stated the motion must be granted, but without costs.    The order may be settled on notice.