*Exceptions sustained, new trial granted, costs to defendant to abide event.*

THE NEW YORK LIFE INSURANCE AND TRUST COMPANY, as Trustee, etc., of FRANCIS W. LASAK, Deceased, Plaintiff, *v.* OPHELIA J. CUTHBERT and Others, Defendants; MARGARET S. IVES, Respondent; CORDELIA D. CHAUVET and ALBERT L. CHAUVET, Appellants.

*What cross-demands cannot be litigated by defendants inter sese under section 521 of the Code of Civil Procedure.*

Under the provisions of section 521 of the Code of Civil Procedure defendants in an action are not authorized to litigate, as between themselves, independent cross-demands not connected with the cause of action set forth in the complaint.

APPEAL by the defendants, Cordelia D. Chauvet and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of April, 1895, granting the motion of the defendant Margaret S. Ives to strike out certain portions of the answer of said defendants.

This action was brought by the plaintiff as trustee under the last will and testament of Francis W. Lasak, deceased, for a judicial settlement of its accounts.

The plaintiff was named as trustee in the last will and testament of said decedent, and acted as such until such last will and testament was declared by the court to be void.

The defendants Cordelia D. Chauvet and Albert L. Chauvet answered the complaint and caused their answer to be served upon the attorney for the defendant Margaret S. Ives. In their answer

they set up their claims to the property in the hands of the plaintiff, and in addition thereto they made a counterclaim against the defendant Margaret S. Ives for $180,000 under an alleged agreement. The defendant Ives moved to strike out from the answer of the defendants Chauvet the portions thereof relating to the counterclaim against her, which motion was granted by the Special Term.

*Abram Kling,* for the appellants.

*Charles F. MacLean,* for the respondent.

FOLLETT, J. :

The fund which the plaintiff holds as trustee and for the distribution of which this action is brought, did not arise out of the agreement executed June 16, 1892, but from the rents of real estate received before the will of Francis W. Lasak was set aside. Undoubtedly any of the defendants may allege that he or she is entitled to all or some share of the apparent interest of a co-defendant in the fund by reason of having acquired title thereto or a lien thereon by agreement. But that is not what the appellants seck to to do. They set up in their answer that, by a contract dated June 16, 1892, Margaret S. Ives, a co-defendant, agreed to pay them $180,000 in consideration of their having assigned to her their interest in the estate. This is an independent cause of action, having no relation to the fund which the plaintiff holds in its hands. Had the fund in the suit arisen out of the contracts of June sixteenth, a different question would have been presented.

Section 521 of the Code of Civil Procedure does not authorize defendants to litigate as between themselves independent cross-demands not connected with the cause of action set forth in the complaint. (*Smith* v. *Hilton,* 50 Hun, 236.)

The order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.