BELDEN v. BROWN et al.

(Supreme Court, Special Term, New York County. June 12, 1912.)

1. PLEADING (§ 352*)—SERVICE—TIME.

Whether an answer has been served within 20 days of the trial is a question that can be determined only by the trial judge when the case comes on for trial, and hence cannot be considered as a ground of motion to strike the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1078–1091, 1125; Dec. Dig. § 352.*]

2. PLEADING (§ 149*)—ANSWER—DEFAULT—CROSS-COMPLAINT.

That a defendant had not served any notice of trial, and was in default in appearing and pleading to the complaint, when he served his cross-complaint against codefendants, were matters of which such codefendants could not take advantage.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §. 301; Dec. Dig. § 149.*]

3. PLEADING (§ 149*)—ANSWER BY CODEFENDANT.

Plaintiff, as assignee of H., sued on a contract with defendants B., who answered that the contract had been canceled without any knowledge on their part of plaintiff's interest, and a new contract entered into which declared that it was in substitution of all former agreements. Plaintiff, after examination of defendants B. before trial, moved for leave to serve an amended complaint setting up the second agreement, and this being denied, on the ground that it would change the theory of plaintiff's cause of action, defendant H., who was in default, under a stipulation signed by plaintiff, answered setting up the second contract and praying judgment against defendants B. for the amount claimed to be due thereunder. *Held*, that such answer set up a new cause of action not connected with the issues raised between plaintiff and defendants B., and was therefore not authorized by Code Civ. Proc. § 521, authorizing an answer and determination of rights of codefendants as between themselves, etc.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 301; Dec. Dig. § 149.*]

Action by James Belden against Walston H. Brown and another, doing business under the name of Walston H. Brown & Bros., and Joseph J. Henry. On motion to set aside service of the answer of defendant Henry. Granted.

See, also, 142 App. Div. 938, 127 N. Y. Supp. 1111.

Joline, Larkin & Rathbone, of New York City (Albert Stickney, of New York City, of counsel), for the motion.

Wollman & Wollman, of New York City, opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J. This is a motion made by the defendants Brown to strike out the answer of their codefendant Henry. The action is brought upon a written contract between the defendants Brown and the defendant Henry by the plaintiff as the assignee of a one-quarter interest in such contract. The complaint was served on the defendants Brown on June 7, 1910, and on the defendant Henry on June 6, 1910. The defendants Brown served their answer on September 14, 1910. The defendant Henry defaulted in appearing and pleading. The contract sued upon is dated June 9, 1909. The answer of the defendants Brown sets up that the contract sued upon was on the 19th of August, 1909, without notice to them of any rights of the plaintiff therein, abrogated, canceled, and discharged by the consent of the parties thereto. The fact is that on August 19, 1909, the defendants Brown and the defendant Henry did sign a new agreement which in express terms declared itself to be "in substitution of any and all former agreements."

The plaintiff on October 6, 1910, obtained an order for the examination before trial of the defendants Brown. This examination was resisted by the latter, but was allowed; the judge who denied the motion to vacate the order for such examination stating, among other things, in his opinion, that he could find no ground for determining as a matter of law that the plaintiff could not recover upon the original contract. After the examination thus obtained, and in January, 1912, the plaintiff moved for leave to serve an amended complaint, so as to set up the second agreement of August 19, 1909. This motion was denied, upon the ground, among others, as appears by the opinion accompanying the denial, that the plaintiff, knowing of the later agreement, had nevertheless elected to disregard it and assert that it was made without consideration and in fraud of his rights, and upon the further ground that the plaintiff, after obtaining the advantage of an examination before trial, was seeking to change his theory upon the very point upon which the propriety of that examination had depended.

Subsequently, and on June 3, 1912, the defendant Henry, who up to that time had neither answered nor appeared, obtained permission from the plaintiff by stipulation to appear and answer and on that day he served upon the defendants Brown an answer which makes no denial, nor any reference to the complaint, nor to the answer of the defendants Brown, but merely sets up the agreement of August 19, 1909, and asks judgment against the defendants Brown for the amount claimed to be due thereunder. This answer the defendants Brown returned on the following grounds:

"(1) That the defendant Henry failed to appear or answer the complaint in the action and was in default, and that said default has not been opened by any order of the court or otherwise waived. (2) That the defendant Henry has not appeared in the action, nor has any notice of trial been served upon us or in his behalf. (3) That said answer has been served within 20 days of the date of trial. (4) That said answer sets up a new cause of action, which is not connected with the issues raised by the pleadings. (5) That said answer does not conform to the requirements of the New York Code of Civil Procedure in such case made and provided."

[1, 2] When this answer was in turn sent back by the attorneys of the defendant Henry, this motion was made by the defendants Brown to set aside the service and strike the answer out. Whether or not the answer has been served within 20 days of the trial is a question that can be determined only when the case comes on and by the trial judge. That the defendant Henry has not served any notice of trial and that he is in default in appearing and pleadings are matters of which his codefendants cannot take advantage. Muller v. City of Philadelphia, 114 App. Div. 138, 99 N. Y. Supp. 618.

[3] I am of the opinion, however, that the fourth ground of rejection above stated is good, and that the cause of action set up in the answer sought to be served is not sufficiently connected with the issues presented by the complaint to warrant its reception. The purpose of section 521 of the Code of Civil Procedure is not to permit a codefendant to inject into the case an independent and disconnected cause of action, but only to litigate such claims as arise out of, or result from, or are connected with the cause of action set forth and maintained by and in favor of the plaintiff. Smith v. Hilton. 50 Hun, 236, 2 N. Y. Supp. 820, and cases cited; N. Y. Life Ins & Tr. Co. v. Cuthbert, 87 Hun, 339, 34 N. Y. Supp. 300; Van Allen v. Rogers, 5 Misc. Rep. 420, 26 N. Y. Supp. 708, and cases cited. In this case the cause of action which the plaintiff has elected to assert and which the court has held he shall be confined to, is not only independent of the cause of action which the defendant Henry seeks to set up, but it is destructive of that cause of action. If the original contract is still in existence and effective, then the later contract must be ineffective, either because it is without consideration or fraudulent, as the plaintiff asserts, or for some other reason.

The granting of this motion will give to all parties what they are entitled to. It will not hurt the plaintiff, who will be left to prosecute the only cause of action the court has permitted him to plead. It will not deprive the defendant Henry of any right he has sought to assert. The issue between the plaintiff and the defendants Brown is the existence or the abrogation of the original contract. On this issue the defendant Henry has taken no sides, and has not sought to do so. If the plaintiff succeeds on this issue, the defendant Henry will be no better nor any worse off than if he had been permitted to make the claim he seeks to make in his answer. On the other hand, if the defendants Brown succeed on their issue with the plaintiff, and it is established that the original contract was abrogated by the later one, the defendant Henry will not be prejudiced in any efforts he may make to enforce such later contract. Finally, the defendants Brown will not be placed in the difficult position of having to resist at one time the attacks of two different claimants asserting contrary constructions of the same transaction.

The motion is granted, with $10 costs, Settle order on notice.