ADAM NAUSS, Respondent, *v.* NAUSS BROTHERS COMPANY and Others, Defendants, Impleaded with FLORENCE T. HILDEBRAND, as Executrix, etc., of WENDOLIN J. NAUSS, Deceased, Appellant, and CHARLES E. NAUSS, as Executor, etc., of WENDOLIN J. NAUSS, Deceased, Respondent. (Motion No. 2.)

First Department, March 4, 1921.

**Pleadings — counterclaim not pleadable against codefendant which does not affect plaintiff nor relate to matters stated in complaint — one defendant cannot litigate independent cause of action with codefendant — Code of Civil Procedure, sections 521 and 1204, construed — defendant as to whom complaint dismissed cannot be retained to litigate with codefendant.**

In a suit in equity by a stockholder of a corporation against the corporation and the executors of a deceased stockholder in which the complaint charges, among other things, that the appellant and her coexecutor collusively brought an action against the corporation on notes, claiming that they were valid obligations against it, pursuant to an arrangement whereby the judgment to be recovered was to be assigned to other defendants for the purpose of retaining control of said corporation; that said cause of action was assigned, and that judgment has not been entered; and that it is essential to the protection of plaintiff's interest that the holders of the alleged assigned cause of action be restrained from enforcing it, but no relief is prayed with respect thereto, a counterclaim interposed by one of the defendants, a coexecutor of the appellant, in an answer which was served on all the other defendants, cannot be sustained, where the relief sought thereby is that the said judgment be increased, that the assignment thereof be set aside or the assignees directed to reassign on being reimbursed, that his coexecutrix be removed, and that. the sale of certain stock held by his testator be set aside, since the said counterclaim is founded on matters not stated in the complaint and in no manner affecting the plaintiff.

The provisions of sections 521 and 1204 of the Code of Civil Procedure, which authorize one defendant to serve an answer on another and demand the determination of his rights as against such codefendant, do not authorize an independent litigation between the defendants to the subversion of the plaintiff's cause of action.

Moreover, since the complaint herein was dismissed as against the appellant (See *Nauss* v. *Nauss Brothers Co., No. 1, ante,* p. 318), her coexecutor cannot be permitted to have her continued in the action to litigate matters with him which do not concern the plaintiff.

APPEAL by the defendant, Florence T. Hildebrand, as executrix, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of August, 1920, denying her motion for judgment dismissing the counterclaim of Charles E. Nauss, as executor of the estate of Wendolin J. Nauss, deceased.

*Joseph H. Kohan* of counsel [*Jerome Steiner* with him on the brief; *Petersen, Steiner & Kohan,* attorneys], for the appellant.

*John C. Judge,* for the plaintiff, respondent.

*Charles A. Winter,* for the respondent Charles E. Nauss, as executor.

LAUGHLIN, J.:

We have analyzed and commented upon the complaint on an appeal by this appellant from an order denying her motion on the pleadings for judgment dismissing the complaint, which was argued and is decided herewith. (*Nauss* v. *Nauss Brothers Co., No. 1,* 195 App. Div. 318.) It is unnecessary on this appeal to consider the allegations of the complaint beyond their relation to the counterclaim. It appears that the plaintiff, who for many years was a stockholder and the treasurer of the defendant company, instituted this suit as a stockholder for equitable relief. The complaint in substance charges, among other things, that the appellant and her coexecutor collusively brought an action against the company on certain promissory notes, claiming that they were valid obligations against it, pursuant to an arrangement by which the judgment to be recovered therein was to be assigned to the defendants Henry J. Hildebrand and Frederick Nauss for

the sole purpose of enabling them to take control of the company; that the plaintiff as treasurer of the company was induced by one of the attorneys for the plaintiffs therein to employ a particular firm of attorneys to represent the company on the theory that it was a friendly action; that the proceedings in the action progressed to such a point that the plaintiffs were in a position to enter judgment against the company for upwards of $56,000, but that instead of so doing they sold and assigned the cause of action to the defendants Frederick Nauss and Henry J. Hildebrand, who have not yet entered judgment. It is also alleged that it is essential to the protection of the plaintiff's rights that the holders of the assigned cause of action or claim, which notwithstanding the fact that judgment has not been entered, is referred to as a judgment, should be enjoined and restrained from enforcing it, but no relief is prayed for with respect thereto. If it may be said that the complaint in any manner attacks the validity of the cause of action on the notes, at most it only questions whether the executors or their assigns are entitled to recover the amount for which it is alleged judgment may at any time be entered. Nauss as executor served his answer on the appellant. In it he pleads a counterclaim against the defendant company and the appellant and Frederick Nauss and Henry J. Hildebrand, to whom she made the assignment, and prays that, among other things, the complaint be dismissed, with costs, and that the so-called judgment on the notes recovered by him and his coexecutrix and by them assigned to Henry J. Hildebrand and Frederick Nauss be increased to $104,582.62 and that the assignment be set aside or that the assignees be directed to reassign on being reimbursed the amount they paid for the assignment and that the executrix be removed. The material facts on which the counterclaim is based are that he and his coexecutrix found among the assets of their testator twenty-two demand promissory notes of the defendant company, the dates and amounts of which are set forth; that the notes were duly made by the company and delivered to the decedent for value, consisting of moneys loaned and advanced and services rendered for the company and that all of the notes with the exception of one for $3,000 were signed for the company by the plaintiff as its treasurer; that he and

his coexecutrix brought an action on all of the notes and that one of their attorneys had been the personal counsel of the testator and the attorney and counsel for the company since its organization and was familiar with all of its affairs; that the company pleaded the Statute of Limitations with respect to the first thirteen of the notes, but that it had repeatedly admitted and acknowledged in writing its liability thereon within six years, and that said attorney, whose firm represented the plaintiffs in the action on the notes, was fully aware of the facts with respect thereto including the facts which would have defeated the plea of the Statute of Limitations, but that when the action came to trial, through collusion between this appellant and Henry J. Hildebrand and Frederick Nauss and said attorney and the attorneys for the company, no effort was made to disprove the defense of the Statute of Limitations and a verdict was directed in favor of the plaintiffs on only the last nine of the twenty-two notes, aggregating $44,943.20, and interest thereon, making in all $55,289.28; that the complaint was served on the plaintiff as such treasurer and he employed an attorney to appear for the company, who was selected by the attorneys for the plaintiff; that the plaintiff verified the answer and made an affidavit on which an order for the trial of the issues was obtained and the affidavit was false and suppressed the material facts known to the plaintiff with respect to the company's having so admitted its liability in writing and that the plaintiff was called as a witness on the trial to identify his signature on the notes but was not questioned with respect to said acknowledgment of the indebtedness by the company; that the testator owned 577 of the 766 shares of the stock of the company issued and outstanding, and the defendants Henry J. Hildebrand and Frederick Nauss were desirous of obtaining control of the company; that the appellant and said Frederick Nauss each took under the will of the testator a one-sixth interest in the stock and Frederick Nauss had theretofore acquired ten shares; that the stock was worth $25 per share; that after the verdict it was proposed and planned by the appellant and the attorney for the plaintiffs in the action, who had so represented the corporation and the testator in the interest of the appellant's husband — meaning the defendant Henry J.

First Department, March, 1921.    [Vol. 195.

Hildebrand — and of the defendant Frederick Nauss that the stock be sold at public auction and that false information with respect to the term of the company's lease was given at the sale and no information with respect to its assets or the value of its trade name and good will was made public and no bidder excepting the appellant's husband appeared and the stock was sold to him for himself and Nauss at $1 per share and $481^5/_6$ shares were delivered to the purchasers, which gave them a majority control, and that thereupon Frederick Nauss was elected president and Henry J. Hildebrand was elected treasurer and vice-president and they were voted an annual salary of $5,000 each; that the value of the tangible assets of the company at that time was about $125,000 and its trade name and good will were worth at least $100,000 and the stock was worth $130 per share; that as part of the collusive arrangement concerning the sale of the stock, the verdict was assigned to the purchasers thereof and the proceeds of the sale were distributed to the beneficiaries under the will of the testator; that said defendant was not aware of the facts with respect to the collusion concerning the amount of the recovery on the notes and the sale of the stock and the assignment of the verdict and relied on the advice of his said attorney, who was secretly, knowingly and intentionally serving the interests of his clients, the defendants Frederick Nauss and Henry J. Hildebrand, at the expense of and to the great damage of the estate of the testator; that the defendant as executor on behalf of the estate, so far as he is able and capable of doing so, offers to return to the defendants Henry J. Hildebrand and Frederick Nauss the amount paid by them for the assignment of the verdict and stock; and that by reason of the premises the estate has been damaged in the sum of $100,000, and that said defendant has no adequate remedy at law.

It will thus be seen that the counterclaim is founded on matters not stated in the complaint and in no manner affects the plaintiff. By the counterclaim it is sought *to set aside* the assignment of the verdict and the sale of the stock, the sale of which is not referred to in the complaint; and to have the executrix removed; but the validity of the verdict as rendered is not questioned and with respect thereto it **is**

sought to have the amount of the recovery as had sustained and largely increased. Plainly plaintiff's theory, if any, with respect to the action on the notes is that there should be no recovery at all, whereas the theory of the counterclaim is that the amount for which judgment may be entered thereon is insufficient. Respondent does not join with the plaintiff in attempting to have the verdict reduced but stands upon the prospective judgment as authorized by the proceedings in the action and demands that it be increased. It is well settled that the provisions of sections 521 and 1204 of the Code of Civil Procedure, which authorize one defendant to serve an answer on another and demand the determination of his rights as against such codefendant, do not authorize an independent litigation between the defendants to the subversion of the plaintiff's cause of action. (*Smith* v. *Hilton*, 50 Hun, 236; *Merchants' Nat. Bank* v. *Snyder*, 52 App. Div. 606; affd., 170 N. Y. 565; *Bliss* v. *Winters*, 40 App. Div. 622; *Lansing* v. *Hadsall*, 26 Hun, 619; *Rafferty* v. *Williams*, 34 id. 544; *New York Life Ins. & Trust Co.* v. *Cuthbert*, 87 id. 339; *Kay* v. *Whittaker*, 44 N. Y. 565, 576; *Belden* v. *Brown*, 77 Misc. Rep. 282.) Moreover, since we are dismissing the complaint as against the appellant, her coexecutor cannot be permitted to have her continued in the action to litigate matters with him which do not concern the plaintiff. (*Laske* v. *Wolf*, 154 App. Div. 233; *Havana City R. Co.* v. *Ceballos*, 49 id. 421.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and appellant's motion for judgment dismissing the counterclaim granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.