MORRIS GLASSBERG and Another, Plaintiffs, v. HELEN ARCTANDER and Another, Defendants.

Supreme Court, New York County, February 2, 1928.

Mortgages — foreclosure — counterclaim in action to foreclose mortgage, which in no way involves plaintiff's action, should be stricken out.

In this action to foreclose a mortgage, a counterclaim, which in no way involves plaintiff's cause of action, should be stricken out, since defendants, who do not set up any equities against the plaintiff, should not be allowed to litigate between themselves, before judgment, the question of their priorities of right in the funds, or their equities.

MOTION by plaintiffs to dismiss counterclaim.

*Benjamin Komarow*, for the plaintiffs.

*Thomas B. Dyett*, for the defendant Maxwell Forteau.

FRANKENTHALER, J. Defendants in a mortgage foreclosure action *who do not set up any equities against the plaintiff* should not be allowed to litigate between themselves, before judgment, the question of their priorities of right in the funds, or their equities, but plaintiff should have the usual judgment. (2 Fiero Particular Actions and Proceedings [4th ed.], 1453; 1 Wiltsie Mort. Foreclosure [4th ed.], § 509, p. 665. See, also, *Nauss* v. *Nauss Brothers Co., No. 2*, 195 App. Div. 328, 333.) The situation would doubtless be different if the action sought to foreclose a mechanic's lien rather than a mortgage. In that event the Lien Law (§ 45, as amd. by Laws of 1927, chap. 687) would be applicable. In *Flaum* v. *Picarreto* (226 N. Y. 468), though the action was to foreclose a mortgage, one of the defendant lienors not only asked that the validity and priority of liens between the defendants be determined, but also attacked plaintiff's mortgage as void. In such a case plaintiff's right to a judgment of foreclosure was of course affected and the service of cross-answers by the defendants was proper. The counterclaim here asserted in no way involves plaintiffs' cause of action and the motion to strike out is, therefore, granted. Order signed.