## SUPREME COURT.

### John J. O'Brien agt. Joseph G. Browning and others.

*Action by judgment creditor to set aside conveyance made by judgment debtor, when its decision no bar to an action by another judgment creditor against same defendant.*

Where a judgment creditor brings an action in his own behalf and all others similarly situated, &c., to set aside a conveyance alleged to have been fraudulently made by the judgment debtor, and after a trial on the merits the plaintiff's complaint is dismissed, it is no bar to an action by a subsequent judgment creditor for similar relief; although he was a witness for the plaintiff in the former action, but was not in privity with or a party to that action.

*Special Term, February,* 1875.

*John J. Townsend,* for plaintiff.

*Malcolm Campbell,* for defendants.

Van Vorst, J. — It is a general rule that "a man shall not be twice vexed for the same cause."

And where an action has been tried and the merits examined, and a final judgment obtained by either party, both are concluded, and the same matter cannot be again canvassed in another action by either party against the other.

Not only are the actual parties bound by the judgment, and so conclusively, but likewise privies and also persons who, although not nominal parties, are really and substantially so. The latter would include persons who have a right to control the litigation. The present plaintiff was not a party to the former action, nominally nor substantially. He

O'Brien agt. Browning.

contributed nothing to its prosecution, nor had he any right to control it. He has had no day in court. Up to the time of the trial and judgment the action was, and that properly, exclusively controlled by the plaintiffs therein. The plaintiff in this action in fact knew nothing of the pendency of the former action, until he was subpenaed as witness to give testimony therein on the part of the plaintiffs. He was compelled to attend and give evidence. His judgment, it is true, was given in evidence, but that to support the plaintiff's case, by whom it was offered. His being present in court as a witness, and an observer of the proceedings, does not conclude him as to the matters determined, unless he was a substantial party, or a privy, or bound to take part in the proceeding.

As in the case of *Barney* agt. *Dewey* (13 *John.*, 225) where a recovery from the vendee by the rightful owner was held to be conclusive evidence against the vendor, in an action brought by the vendee against the vendor, for falsely affirming that he owned the chattel. In that case it was held, that the vendor having given evidence on the trial of the suit in which the recovery was had, was tantamount to a notice of the pendency of the action.

A judgment creditor may, as in this case, commence an action in behalf of himself and all others, being judgment creditors, who may choose to come in under the decree, and contribute to the expenses of the suit (*Edmeston and Riddle* agt. *Lyde and Walton*, 1 *Paige*, 637).

But; until an order or judgment has been made in the action, for the benefit of all such judgment creditors, under which they can come in and prove their debts, no creditor, other than the plaintiff in the action, are authorized to interfere with the suit.

It would be competent for the plaintiff to settle with the defendants, and withdraw their suit, at any time before decree, without the consent of the other creditors (*Innes* agt. *Lansing*, 7 *Paige*, 583).

O'Brien agt. Browning.

And, in case of the death of such plaintiff, even after inter-locutory decree, if before any other creditor had proved his claim, the action could be continued only in the name of the legal representatives of the deceased plaintiff (*Duffy* agt. *Duncan*, 35 *N. Y.*, 189).

There is nothing in the pendency of such action to prevent any other judgment creditor from commencing a separate suit for similar relief.

But, when a decree or judgment in favor of the plaintiff is obtained, in an action so brought, in which other creditors were privileged to intervene, after decree, suits in favor of other creditors would be stayed, if no other relief was sought or could be obtained in such other suits, than could be obtained under the judgment already made. In *Mahlon* agt. *Demarest* (1 *Robertson*, 717), it was held that no other credi-tor of a debtor could acquire any vested right in an action, brought by some of his creditors against him, on behalf of themselves and all others similarly situated, who should come in and contribute to the expenses of such action, except those by whom such action should be instituted, until after judg-ment in that action. Until that time, the plaintiff and defendants in such action may prosecute or defend it as they think proper, without regard to the claims of other creditors.

It would, therefore, seem unreasonable that a creditor not actually a party plaintiff to the action, and with the prosecu-tion of which he has no right to interfere and which he can in no sense control, should be concluded by a judgment on the merits, against the actual plaintiff.

In *Winston* agt. *Starke* (12 *Gratt.*, 137), it was decided that a judgment in favor of one creditor, declaring a convey-ance void as against creditors, is not evidence in a suit by another creditor, for the reason that he would not have been concluded if the first suit had terminated differently (*Free-man on Judgments*, 159).

But if the redress sought by a creditor can be obtained under a judgment in an action in favor of another creditor,

under which all creditors similarly situated can come in, and no other relief is claimed by him other than can be secured under such judgment, there would exist good reason why he should be restrained from the prosecution of another action for such relief. It would be vexatious to allow such suits or proceedings to obtain that redress for which abundant provision is already made, by the judgment of the court, of which he has a legal right to avail himself. And should a creditor fail to come in and prove his claim under such a judgment, when opportunity had been afforded him to do so, and the fund or property — the object of the action — has been distributed by the judgment of the court without provision being made for his claim, such creditor would not be allowed afterward to recover in an action his proportion of the property or fund already distributed to others, from the party on whom the duty was cast to distribute and pay the same, unless there has been fraud in the proceedings (*Kerr* agt. *Blodget*, 48 *N. Y.*, 62; *Hallett* agt. *Hallett*, 2 *Paige*, 19). Should a creditor come in and establish his claim under the judgment, and obtain the benefit of the action, he would thereby adopt it, and would, without doubt, be concluded by all that had been adjudicated in the action.

But a creditor might stay out designedly, not meaning to be concluded by such action or judgment, in fact might take a position in direct hostility to the action, and the redress sought to be obtained thereby. In *Kerr* agt. *Blodgett* (*supra*), it appeared that a creditor of an insolvent copartnership had commenced an action in favor of himself, and all others who should come in and claim the benefit thereof, against the trustees under an assignment made by the copartners, to carry out the trusts and distribute the fund. The fund was ordered to be distributed among the parties entitled thereto under the assignment.

Notice to creditors to present their claims was given. A creditor failed to present his claim. He had received no notice of the action, or of the order for distribution. The

O'Brien agt. Browning.

court held that if a creditor "fails to come in and prove his claim, before the final decree for distribution, he will be too late, and his claim will be barred, as it certainly would be after the fund was distributed under the decree." EARL, C., adds: "The trustees had the right to suppose that the notice given had reached the plaintiffs, and that for some reason, perhaps because they desired to attack the assignment and not recognize its validity, they did not desire to prove their claims."

A judgment creditor, having a lien by statute, is not bound to go into a court of equity to have a conveyance made by his debtor declared fraudulent. He may, if he prefers, stand upon his lien, and sell the land under his judgment, and the purchaser under the execution can impeach the conveyance, in an action at law brought for the recovery of the land (*Chautauqua Co. Bank* agt. *Risley*, 19 *N. Y.*, 371, *per* COMSTOCK, *J.*). If he has this right, it could not well be interfered with by an action brought directly by another creditor, to set aside the fraudulent conveyance, in which other creditors, if they chose, might join, and in which it was sought to administer the property and assets of the debtor through a receivership.

Yet, such result would follow, if he was absolutely bound by a judgment in favor of the defendants, in an action in favor of another creditor, in which the debtor's fraud was a subject of inquiry and judicial determination. If such judgment would be a bar, it would nullify all his proceedings. Another substantial reason for the conclusion that this plaintiff is not barred from the prosecution of his action, by the judgment in the former suit, is found in the fact that he had no standing to appeal from the judgment, however erroneous it might be. Not being a party he could not appeal. Strangers cannot appeal from a judgment (*Re Bristol*, 16 *Abb.*, 397; *E. B.* agt. *E. C. B.*, 28 *Barb.*, 299; *Martin* agt. *Kanouse*, 2 *Abb.*, 390). The personal representatives, even, of a deceased party, cannot appeal until they have been substituted in the action.

O'Brien agt. Browning.

The learned counsel for the defendants argues that, because the defendants would have been concluded, had the judgment been in favor of the plaintiff in the former suit, as to other creditors, who should come in and prove their claims, it is inequitable that other creditors, who were at liberty to come in after interlocutory judgment, should not also be concluded by a judgment in the defendants' favor.

But the defendants would have had the right to appeal from the judgment in plaintiff's favor; nor would the defendants, in fact, have been concluded as to other creditors, unless they should come in and avail themselves of the benefits, and assume the burdens and liabilities, of such other suit, after interlocutory and before final judgment, from which the effective appeal must be taken. No creditor could have a right to appeal until he had become a party to the suit in fact and in name.

This plaintiff is in no sense in privity with the former action, or any party thereto. The claims which enter into his judgment are separate and distinct from those held by the Stuyvesant Bank, one of the plaintiffs in that action.

The question as to whether or not he was a party to the notes held by the Stuyvesant Bank, or whether he had transferred them to the bank is no subject of inquiry here, nor was it there.

Those notes were merged in the judgment obtained by the bank, and it was the ownership of such judgment, and the issuing of an execution thereon, which enabled the bank to maintain that action.

The fact that this plaintiff was a party to one or more of such notes, either as maker or indorser, does not conclude him, by proceedings taken by the bank to enforce their collection, in suits to which he was not a party, and which he was not bound to prosecute, and over which he had no control.

There should be judgment for the plaintiff on the plea of a former recovery in bar of this action.