57 191
125a 748

J. FORMAN WILKINSON, AS SOLE SURVIVING EXECUTOR, ETC., AND OTHERS, v. SIMON D. PADDOCK AND THOMAS B. SESSIONS, APPELLANTS, IMPLEADED WITH CONRAD LOOS AND OTHERS, RESPONDENTS.

*Priority of the liens of judgments against a debtor, upon land conveyed by him in fraud of his creditors — a wife will be reinstated to her dower interest.*

Judgment-creditors of a grantor of real estate, who has conveyed the same in fraud of his creditors, have, by virtue of their judgments, liens upon the premises so conveyed, which are entitled to priority in the order of time in which their respective judgments are docketed, and are not affected by the order in which suits to set aside such fraudulent transfer are instituted.

Where a conveyance by a husband is set aside on the ground that it was fraudulent as to his creditors, the dower interest of his wife, which was cut off by her uniting in the fraudulent deed with him, is restored to her, and after the death of her husband she may recover her dower in the premises.

APPEAL by the defendants Simon D. Paddock and Thomas B. Sessions from an order, entered in the Onondaga county clerk's office on the 5th day of September, 1889, made at a Special Term of the Supreme Court held at the chambers of Mr. Justice WILLIAMS, at Central Park, in and for the county of Jefferson, on the 31st day of August, 1889, which overruled exceptions to the report of the referee in proceedings instituted for the distribution of surplus moneys on a mortgage foreclosure, and confirmed said report.

*M. M. Waters*, for the appellants.

*Frank H. Hiscock*, for the respondents.

MARTIN, J.::

This was an action of foreclosure. There was a surplus of $117,642.46 arising from the sale herein. This surplus was directed by the court to be deposited in certain specified banks or trust companies in the names of Charles E. Hubbell and Alfred K. Hiscock, as receivers of the property of J. Forman Wilkinson and Alfred Wilkinson, subject to the order of the court in which this action was brought.

Subsequently, upon notice to the appellants and other parties having judgments or other liens upon the property of J. Forman Wilkinson and Alfred Wilkinson, and upon the petition of Conrad Loos, a claimant of a portion of such surplus moneys, an order was duly granted in this action, whereby it was referred to Nathaniel M. White, Esq., as a referee, to ascertain and report the amount due to the petitioner, or any other person or persons, which was a lien upon such surplus moneys, and as to the priority of such liens.

In pursuance of this order the usual notice of hearing was given to the appellants, and other persons who were parties to the action, or who appeared to have unsatisfied liens upon such surplus. The appellants, and other parties claiming liens thereon, appeared before the referee and gave proof of their respective claims. The referee thereupon made his report, whereby he, in substance, found that J. Forman Wilkinson and Alfred Wilkinson became the owners of the mortgaged premises November 1, 1873, as tenants in common, each of an undivided one-half; that, May 5, 1884, they and their wives gave a deed of these and other premises to John Wilkinson; that, on November 24, 1884, John Wilkinson gave a mortgage thereon to Charles B. Crosby as security for the payment of $125,000 and interest; that, on December 9, 1884, J. Forman Wilkinson and Alfred Wilkinson, who were copartners doing business under the firm name of Wilkinson & Co., made a general assignment of both their individual and partnership property to Charles E. Hubbell for the benefit of their creditors, and that he duly accepted the trust; that Alfred Wilkinson and Edward N. Westcott were partners, and on December 11, 1884, they duly assigned all their individual and copartnership property to James S. Crouse, in trust for the benefit of their creditors, and he duly accepted such trust; that afterwards Crouse, as such assignee, gave notice to creditors to present their

claims; that such claims were presented and amounted to about $177,000; that, on December 23, 1884, William James recovered a judgment against J. Forman Wilkinson and Alfred Wilkinson for $203.17, which judgment was docketed on that day in Onondaga county, where the said mortgaged premises were situated; that afterwards James commenced and prosecuted to judgment an action whereby the deed, mortgage and assignment made by J. Forman Wilkinson, Alfred Wilkinson and John Wilkinson were set aside as to said judgment on the ground that they were fraudulent and void as to the creditors of J. Forman Wilkinson and Alfred Wilkinson; that on January 3, 1885, the Merchants' National Bank of Syracuse recovered a judgment against J. Forman Wilkinson for $30,807.99, which was a lien on his real estate; that on February 4, 1885, the said bank recovered another judgment against the same defendant for $10,380.83, which was also a lien on his real estate; that upon an execution duly issued upon the first-mentioned judgment for $30,807.99, the sheriff of the county of Onondaga on August 29, 1887, duly sold to Hon. George N. Kennedy the undivided one-half interest of J. Forman Wilkinson in the premises covered by the mortgage foreclosed by this action, and duly issued certificates of such sale to said Kennedy; that Kennedy, on November 29, 1888, transferred to Conrad Loos, Harlow B. Andrews and Edward P. Bates a one-half interest in such certificates; that on December 19, 1888, the sheriff of Onondaga county duly executed and delivered a sheriff's deed of said premises to said Kennedy, Loos, Andrews and Bates, who still hold title under the same; that said bank obtained a judgment setting aside the deed, mortgage and assignment made by J. Forman Wilkinson and Alfred Wilkinson and John Wilkinson as fraudulent as to it and its two judgments, and adjudging that such judgments be a lien on the mortgage premises; that said Crouse, as assignee of Alfred Wilkinson and Edward N. Westcott and of the firm of Westcott & Co., also obtained a judgment adjudging such deed, mortgage and assignment as fraudulent and void, and setting them aside as to him; that Alfred Wilkinson died July 7, 1886, leaving a widow fifty-six years of age, who had a dower right in the premises of the value of $9,057.41; that J. Forman Wilkinson died May 4, 1889, leaving a widow fifty-three years of age, who had a right of dower in the premises of the

value of $9,604.23 ; that about September 13, 1886, and subsequent thereto, various other judgment-creditors of said J. Forman Wilkinson and Alfred Wilkinson, who held judgments against them aggregating the sum of $200,000 or upwards, brought actions to have said deed, mortgage and assignment set aside as fraudulent as to their judgments, and obtained judgments accordingly ; and that in such actions Charles E. Hubbell and Albert K. Hiscock were duly appointed as receivers of the personal property and the rents and profits of the real estate of said J. Forman and Alfred Wilkinson, both as copartners and as individuals, and duly qualified, and are now acting as such receivers.

The referee also found the following conclusions of law : 1. That of the $117,642.46 deposited as surplus moneys to the credit of and to be distributed in this action, one-half was the proceeds of an undivided one-half of the premises formerly owned by J. Forman Wilkinson, individually, and as tenant in common with Alfred Wilkinson. 2. That the widow of J. Forman Wilkinson was entitled to receive out of one-half of such surplus moneys the sum of $9,604.23. 3. That William James was entitled to receive out of said one-half of said surplus moneys, $203.17, with interest thereon from December 23, 1884. 4. That said Kennedy, Loos, Bates and Andrews were entitled to the one-half of such surplus moneys derived from the sale of the premises formerly owned by J. Forman Wilkinson, after deducting the widow's dower and the amount of the James judgment and interest. 5. That of said $117,642.46 surplus, one-half was the proceeds of an undivided one-half of the premises formerly owned by Alfred Wilkinson, individually, and as tenant in common with J. Forman Wilkinson. 6. That the widow of Alfred Wilkinson was entitled to receive out of the one-half of such surplus, $9,057.41. 7. That the remainder of this one-half of such surplus, after discharging such right of dower, should be employed to discharge the debts of Alfred Wilkinson and Edward N. Westcott, as copartners, and Alfred Wilkinson individually, as directed by their assignment to Crouse, such debts being set forth in a schedule attached to said report. 8. That if any sum should then remain of such one-half of the surplus moneys, it should be retained by the receivers as personal assets to be applied to the payment of the debts of Wilkinson & Co. and the individual members thereof, according to law. 9. That there was

no lien or claim upon said surplus moneys, or any part thereof, prior to the liens and claims hereinbefore provided for.

The appellants excepted to the report of the referee and opposed the confirmation of such report. The referee's report was, however, confirmed by the Special Term, and the surplus moneys arising in this action were directed to be paid in accordance with such report. From the order overruling the appellant's exceptions, confirming the referee's report and directing the distribution of such surplus moneys this appeal was taken.

That this was a proceeding in the foreclosure action for the distribution of the surplus moneys arising upon the sale therein, we have no doubt. The fact that the money was ordered deposited in certain banks or trust companies in the name of the receivers, instead of being paid to the county treasurer of Onondaga county, while awaiting distribution in this action, does not change the character of this proceeding. Number 61 of the General Rules of this court provides that all surplus moneys shall be paid to the treasurer of the county, unless otherwise specially directed. Here there was a special direction that they should be deposited in the manner stated and remain there until the further order of the court. The foreclosure suit could not be said to have terminated until the surplus moneys had been disposed of in that suit. (*Mutual Life Ins. Co.* v. *Bowen,* 47 Barb., 618.)

We think the claim that this was a proceeding in the creditors' actions, in which the receivers were appointed, is without force. We need not, therefore, consider the question as to what rights the appellants would possess in a proceeding in those actions requiring the receivers, as such, to account and distribute the assets remaining in their hands.

The practical and important question in this case is, what rights, if any, had the appellants to the surplus moneys in the hands of the court for distribution? The surplus moneys arising upon the sale of lands under a final decree in foreclosure belong to the parties who had estates or interests in the lands sold which were cut off by the sale. The real estate having been converted into money, the several parties are entitled to be paid out of the fund the equivalent of their respective interests in the order of their priority as between each other. (*Clarkson* v. *Skidmore,* 46 N. Y., 301.)

The appeal book in this case discloses that Simon D. Paddock, one of the appellants, had a judgment against J. Forman Wilkinson and Alfred Wilkinson for forty dollars and eighty-two cents, which was docketed in the county in which the mortgage premises were situated, on January 2, 1885, and that he recovered another judgment against the same defendants for $2,057.36, which was docketed January 26, 1885. It also discloses that Thomas B. Sessions, the other appellant, obtained a judgment against them for $4,316.46, which was docketed January 31, 1885.

Thus it will be seen that Paddock's judgment for forty dollars and eighty-two cents was docketed in the county where the mortgage premises were situated prior to the judgment recovered by the Merchants' National Bank, under which the interest of J. Forman Wilkinson in the premises was sold and purchased by Judge KENNEDY. It further appears from the appeal book that the other judgment obtained by Paddock and the judgment recovered by Sessions were prior to many, indeed to most, of the judgments upon which creditors' actions were brought to set aside such deed, mortgage and assignment, and in which receivers were appointed. The appellants brought no action to set aside such deed, mortgage and assignment, nor were they named as plaintiffs in any action brought for that purpose. Their claims were not set forth in any such action, neither have they made any application or taken any steps to become parties to or to come in under the Loos or any other creditor's suit or judgment against the Wilkinsons, or contributed or offered to contribute to the expenses thereof.

We think the referee and Special Term properly held that the widows of J. F. Wilkinson and Alfred Wilkinson were entitled to receive the value of their dower rights in the mortgage premises, notwithstanding the fact that they had joined with their husbands in conveying the equity of redemption in the premises to John Wilkinson. That conveyance was set aside on the ground that it was fraudulent as to the creditors of J. Forman Wilkinson and Alfred Wilkinson. In *Hinchliffe* v. *Shea* (103 N. Y., 155) Judge ANDREWS said : "It is the generally recognized doctrine that when the husband's deed is avoided or ceases to operate, as where it is set aside at the instance of creditors, or is defeated by a sale on execution under a prior judgment, the wife is restored to her original situation, and

may, after the death of her husband, recover dower as though she had never joined in the conveyance." (*Robinson* v. *Bates*, 3 Metc., 40; *Malloney* v. *Horan*, 49 N. Y., 111; *Kitzmiller* v. *Van Rensselaer*, 10 Ohio St., 63; *Littlefield* v. *Crocker*, 30 Me., 192.) The widows of the judgment-debtors in this case having duly consented to accept a gross sum in lieu of their dower in the premises, the court properly awarded them the value of their rights, to be paid out of such surplus moneys.

The court also properly directed that the William James judgment should next be paid out of such surplus, as it was a lien upon the premises prior to the bank judgments. As we have already seen, the judgment of Paddock for forty dollars and eighty-two cents was prior to the judgment of the bank, upon which the interest of J. Forman Wilkinson in the premises was sold, and, therefore, if it became a lien thereon, it was prior and superior to the lien of the bank judgments. But the respondents claim that it never became a lien on the premises because of the previous transfer of the premises by the Wilkinsons, although such transfer was fraudulent and void as to their creditors. In other words, their claim is that that transfer was valid until set aside, and not having been set aside as to the appellants' judgments, they never became a lien on the premises. This contention does not appear to be sustained by the authorities  The doctrine of the authorities seems to be to the effect that, as to real estate, judgment-creditors acquire liens thereon in the order in which their judgments are docketed, and that their priority is not affected by suits brought to set aside a fraudulent transfer of such real estate. ( *White's Bank* v. *Farthing*, 101 N. Y., 346, 347; *Underwood* v. *Sutcliffe*, 77 id., 62; *N. Y. L. Ins. Co.* v. *Mayer*, 19 Abb. N. C., 92; S. C., 12 N. Y. St. Rep., 119; *O'Brien* v. *Browning*, 49 How., 113.)

Moreover, the transfers by the Wilkinsons were shown to have been fraudulent and void as to their creditors by proof introduced by the respondents. In *Chautauqua County Bank* v. *Risley* (19 N. Y., 369), it was said: "The defendant's title depended, therefore, on the fact that the assignment had been made in fraud of creditors, and having thus proved the fact in his own favor, he could not allege that it was not true in respect to the plaintiffs."

The court erred in holding that Kennedy, Loos, Bates and

Andrews were entitled to the remainder of the one-half of the surplus moneys arising from the sale of J. Forman Wilkinson's interest in said premises. The judgment of Paddock for forty dollars and eighty-two cents and interest was a prior lien and should have been ordered paid before any sum should have been directed to be paid to the purchaser at the execution sale or his transferrees.

It is contended by the appellants that the deed given by the sheriff to Kennedy, Loos, Bates and Andrews in pursuance of such sale was void for various reasons specified in their points. The chief reasons assigned are, first, that the property was in the hands of the court in a creditor's action when the sale was made and deed given, and that the sale was void because made without the consent of the court; and, second, that the transfer by Judge KENNEDY to other creditors tended to induce them not to redeem the premises from him, and was, therefore, against public policy, and consequently void. After examining the appellants' brief and authorities upon the questions of the invalidity of that deed, we have concluded that the claim that it was invalid cannot be sustained. This court has already held that the sale under the execution issued on the bank judgment was properly made. (*Matter of Loos*, 50 Hun, 67.) That decision we regard as final upon this question. We have been unable to discover any principle of public policy that has been violated by the transfer or by the agreement between Judge KENNEDY and the other creditors of the Wilkinsons to whom such transfer was made. The parties had the right to make and receive that transfer, and the agreement between them was, we think, valid. It, therefore, follows that the grantees in the sheriff's deed are entitled to the remainder of the surplus moneys in this action arising from the sale of J. Forman Wilkinson's interest in said premises, after paying the widow's dower, the James judgment and the Paddock judgment of forty dollars and eighty-two cents, at least so far as the appellants are concerned.

As none of the other parties to this proceeding have appealed, but have consented to the order entered, it follows that that portion of the order appealed from which relates to the surplus moneys arising from the sale of the interest in the premises which fomerly belonged to J. Forman Wilkinson is correct, except that after the payment of the James judgment, Paddock's judgment of forty

dollars and eighty-two cents should be paid, with interest, and the remainder only should be paid to Kennedy, Loos, Bates and Andrews as directed in the order.

This brings us to the consideration of that part of the order which relates to the surplus moneys derived from the sale of the portion of the premises that formerly belonged to Alfred Wilkinson. As we have already held, the court properly directed the payment to the widow of Alfred Wilkinson of a gross sum in lieu and in full satisfaction and discharge of her right of dower in the premises.

We are of the opinion that the remainder of such surplus should be first applied to the payment and discharge in full of the debts of Alfred Wilkinson and Edward N. Westcott, as copartners, and Alfred Wilkinson individually, as directed by their assignment to Crouse, so far as the same may be necessary to the full discharge of such debts, after applying the assets of said firm, if any there be, to that purpose. The residue, if any shall remain after satisfying the widow's right of dower, and discharging the debts of said firm and Alfred Wilkinson, should be retained by the receivers and applied in payment and discharge of the debts of Wilkinson & Co.

The appellants' contention, that the creditors who have brought suits in equity, in which receivers were appointed, have waived their legal liens on said premises, and the surplus moneys arising from the sale herein, cannot, we think, be sustained. It will be obeserved that no attempt was made in those suits to appoint a receiver of the real estate of the judgment-debtors. The persons appointed were made receivers of the personal property, and the rents and profits of the real estate only. There was neither judgment nor order directing the judgment-debtors to transfer the title to the real estate to the receivers, and no such transfer was ever made. The receivers never acquired any title to the real estate. The title to the real estate remained in the judgment-debtors so far as their creditors were concerned. We are of the opinion that the creditors of the Wilkinsons could pursue their remedy to set aside the fraudulent conveyances made by the judgment-debtors and have a receiver appointed of their personal estate without waiving their legal lien on the premises. (*Chautauqua County Bank* v. *Risley*, 19 N. Y., 369; *Walker* v. *White*, 36 Barb., 593; *Erickson* v. *Quinn*, 15 Abb. [N. S.], 166.)

It is quite manifest that the referee made a mistake in describing the premises in his report, and that in that respect his report was incorrect; but that the premises sold on foreclosure were a part of the premises sold on the bank execution is not denied.

These considerations lead us to the conclusion that the order appealed from should be modified so as to conform to the views expressed in this opinion, and, as modified, should be affirmed, with costs to the appellant Paddock, payable out of the surplus moneys in this action. If the parties do not agree upon the form of the order, it may be settled before MARTIN, J., on five days' notice.

HARDIN, P. J., and MERWIN, J., concurred.

Order modified so as to conform to the opinion herein, and as modified affirmed, with ten dollars costs and disbursements to Simon D. Paddock, to be paid out of the surplus moneys. If not agreed upon, order to be settled by MARTIN, J., on five days' notice.