(5 App. Div. 309.)

ALBRO v. BLUME et al.

(Supreme Court, Appellate Division, First Department.   May 22, 1896.)

1. Lis Pendens—Notice—Failure to File Complaint.
    A notice of lis pendens does not create a lien on the premises to which
    the action relates, where it is not followed by the filing of a complaint.

2. Mortgages—Foreclosure—Right to Surplus.
    A creditor of a mortgagor cannot compel satisfaction of his debt out
    of the surplus proceeds realized on foreclosure of the mortgage unless
    he has obtained a lien on the land which he could enforce as against it.

Appeal from special term, New York county.

Action by Solomon W. Albro against Anton F. Blume and Eliza-
beth Kroemecke to foreclose a mortgage.   The mortgaged premises
having been sold under foreclosure, a proceeding was instituted to
fix the priority of various claims, and to satisfy them out of the
surplus proceeds.   From an order overruling the report of the
referee as to the priority of the claims, Joseph Blume and Eliza-
beth Kroemecke appeal.   Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTER-
SON, and INGRAHAM, JJ.

Richard J. Lewis, for appellant Blume.
Thomas J. Rush, for appellant Kroemecke.
E. W. S. Johnston, for respondent.

RUMSEY, J.   This was a proceeding to obtain surplus moneys
in an action for foreclosure.   The premises which were sold be-
longed to one Joseph Blume, to whom they were conveyed on the
14th day of July, 1892, by the appellant Anton F. Blume and Mary
V. Blume, his wife.   The respondent, Mrs. Styles, claimed to have
a lien on the premises by virtue of a judgment which she recovered
against Joseph Blume on the 21st day of June, 1895.   It was de-
clared in the judgment that it should be a lien on the premises
which were described in the mortgage in this case, from the 19th
day of July, 1893, that being the date on which the notice of
pendency in Mrs. Styles' action was filed.   The referee reported that
Mrs. Styles had the first lien, among those as to which there was
a conflict, and that she was entitled to have all the surplus moneys
left after paying the amount of a lien which was conceded to be prior
to any of those which are here referred to.   Anton Blume claimed
to have a cause of action against Joseph Blume to set aside the con-
veyance which had been made in July, 1892, because it had been
procured from him and his wife by duress practiced upon them by
Joseph Blume.   Elizabeth Kroemecke, the other appellant, pre-
sented to the referee a judgment against Anton Blume and his wife,
and claimed that she had a cause of action to set aside the convey-
ance made by Anton and Mary Blume to Joseph Blume, because
it was made with intent to hinder, delay, and defraud her, as a
judgment creditor.   Each one of these people produced and proved
before the referee a notice of pendency of action, which had been
properly filed in the office of the clerk, but it did not appear that

either of them had ever caused a complaint to be filed in the clerk's office.

The notice of pendency of action, not having been followed by the filing of a complaint, was entirely inoperative to create a lien upon these premises. Weeks v. Tomes, 16 Hun, 349; Zoeller v. Riley, 100 N. Y. 102, 2 N. E. 388; Code Civ. Proc. § 1670. Whatever may be the power of the referee, in these cases, to try and decide disputed claims to the surplus money,—and it is undoubtedly quite extensive,—it is quite clear that no one can assert successfully a right to have any of the surplus funds, unless he has a lien upon the land. The surplus moneys stand in the place of the land, for the purpose of distribution; and no one is entitled to share in them unless he can present, as the basis of his right to procure a portion of them, some instrument which establishes that he had upon the land a lien which he could enforce as against it. Delafield v. White, 19 Abb. N. C. 104; Fliess v. Buckley, 90 N. Y. 286. When it appeared, therefore, that the appellants—although they might have had a cause of action against Joseph Blume—had neither of them taken any steps which were sufficient to establish a lien upon the land, it necessarily followed that Mrs. Styles, who was the only one of the three that had any lien, was entitled to receive the surplus moneys.

The order must be affirmed, with $10 costs and disbursements. All concur.

(5 App. Div. 448.)

RUSLING v. UNION PIPE & CONST. CO.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

1. SEALS—ADOPTION OF.
    A contract which concludes with a recital that the parties "have hereunto set their hands and seals," followed by the signatures of the parties, with a seal opposite name of only one party, is a sealed instrument as to both.

Appeal from judgment on report of referee.