(26 Misc. Rep. 260.)

### STIBBARD et al. v. JAY et al.

(Supreme Court, Special Term, New York County. February, 1899.)

1. PLEADING—DEPARTURE IN ANSWER.

A motion by a defendant to strike out affirmative allegations and prayers for relief from the answer of a co-defendant lies, where such allegations depart from the domain of controversy drawn by the lines of the complaint.

2. SAME—ALLEGATIONS OF ANSWER.

In a proceeding to determine the ownership of a certain fund, it appeared that it was part of an aggregate sum of $1,000,000 left by a testator for the benefit of three children, one of whom died after the testator's decease; that plaintiffs, the trustees of one of the children, and defendant, the other surviving child, claimed that under the will the whole fund belonged to the surviving children, and that defendants, the administrators and trustees of the deceased child, claimed that his estate had acquired a vested interest in one-third of the fund. The latter, in their answer, also alleged that plaintiffs, representing one child, and their co-defendant the other child, had received large sums of money on account of their interest in the $1,000,000 fund, and prayed for an accounting, and that the estate of the deceased child might receive, not only one-third of the fund in controversy, but any additional sum sufficient to make up its third of the $1,000,000 fund. *Held*, that such allegation and prayer presented an issue within the scope of the complaint, and would not be stricken out as irrelevant.

Proceeding by George D. Stibbard and another, trustees, against William Jay, administrator, and others, to determine the ownership of a fund. Motion by defendant Ellen S. Melcher to strike out affirmative allegations and prayers for relief from the answer of her co-defendants William Jay and another. Denied.

John S. Melcher, for defendant Ellen S. Melcher.

Flamen B. Candler and Robert W. Candler, for defendants Paget and Jay.

RUSSELL, J. The power of a motion by one defendant to strike out affirmative allegations and prayers for relief from the answer of a co-defendant arises from the departure of the allegations complained of from the domain of controversy drawn by the lines of the complaint. Jones v. Grant, 10 Paige, 348, 350. Whatever lies in that domain is the subject of investigation, not only between a defendant and the plaintiffs, but between co-defendants, so that the final judgment may terminate the questions that might be raised as to the subject-matter in controversy. The only relief in advance of trial available to a defendant to eliminate irrelevant matter from the answer of a co-defendant is by motion, no demurrer between defendants being al-

lowed. · Such a motion·may, therefore, properly be made, and passed upon according to its merits. Smith v. Hilton, 50 Hun, 236, 2 N. Y. Supp. 820; Code Civ. Proc. § 545. The subject of this controversy is a fund arising from the sale of No. 1 State Street Block, Boston, Mass., belonging to Paran Stevens in his lifetime, and sold by united action of all parties interested in his estate, with a reservation, by agreement, of the sum of $26,666.67 of the purchase money to be deposited in the Union Trust Company, of the city of New York, and there abide the result of the determination of the courts in the state of New York as to the ownership of the fund. To obtain such a determination, this action was brought.

Paran Stevens died in the year 1872, leaving surviving the widow, Marietta Stevens, and three children, Ellen S. Melcher, Mary Stevens, now Paget, and Henry Leiden Stevens. The son, Henry, died in 1885, unmarried, and without issue, and is represented by the defendants William Jay and Mary F. Paget as administrators. The widow died in 1895. The real estate in Boston, which produced the sum in controversy, formed a part of an aggregate sum of $1,000,000 given by Paran Stevens, in his will, to trustees, the income of which was to be paid to the widow during her life, and the principal, at her, death, to his three children, and the issue of such as died prior to the decease of the widow. The testator gave two-thirds of the residuum of his estate to trustees to pay the income to his daughters, Ellen and Mary, and the other third to trustees for the education of his son, Henry, for the payment of the income to him from the period of majority to the age of 25 years, and the accumulation of principal and interest to him on his attaining the latter age. In case Henry died, leaving no descendants, the principal of his trust fund was to be paid to the daughters, Ellen and Mary. The·plaintiffs are the trustees of Mary Paget, and claim, in unison with the defendant Ellen S. Melcher, that the whole $1,000,000 fund belongs to these two children of Paran Stevens, deceased, and that the administrators and trustees of Henry Leiden Stevens, deceased, have no interest whatever in its distribution. On the contrary, those administrators and trustees of the son, Henry, maintain that his estate is entitled to one-third of the fund of $1,000,000 and therefore, even were there no other complications, that estate would be entitled to one-third of the fund now held by the Union Trust Company for distribution.

So far no present question arises between the parties as to the form or propriety of the answer of the administrators and trustees. But the last branch of the answer sets up a counterclaim that the plaintiffs, representing Mary Paget, and the defendant Mary S. Melcher, have already received large sums of money on account of their interest in the $1,000,000 fund, of the amount of which they are ignorant, and pray for an accounting to the end that the estate of the son, Henry, may receive the whole of the fund which is now the subject of this action, and any additional sum to which that estate is entitled to make up its third of the fund of $1,000,000. It will thus be observed that the selection of distributees for the fund represented by one-third of the proceeds of sale of the Boston property is the main subject of litigation, as presented by the scope of the complaint, and a judg-

.ment in accordance with the demand of the complaint and of the answer of the defendant Ellen S. Melcher would exclude the representatives of the estate of the son, Henry, from any participation in that distribution. That judgment, so entered, would determine that his estate was not entitled to any part, and would be based upon the theory that the representatives of that estate had no interest in the $1,000,000 fund, which question is the one directly in issue. It is plain that, if the legal construction contended for by the plaintiffs is correct, under the will of Paran Stevens the representatives of the estate of the son, Henry, get no part of that $1,000,000 fund; and, if such construction be adopted by the courts, all of the defenses interposed on behalf of the estate of Henry need no further to be considered. But if, on the contrary, it should be determined that a vested interest in the fund of $1,000,000 went to Henry under the will of his father, then the representatives of the estate of that son are entitled to the one-third part of the fund so created by the will, and may not only claim the one-third part of the sum realized by the sale of the Boston property, but enough more to make up one-third of the whole of the sum of $1,000,000, and may demand, as against the plaintiffs, an adjudication therefor as pertinent matter arising out of the subject of the controversy between them. A judgment defeating the plaintiffs' right to any part of the sum now on deposit in the Union Trust Company would give to the defendants representing the estate of the son, Henry, the whole of the amount in controversy in this action, and necessarily adjudge that, if his estate has not had its fair share of the $1,000,000 fund, it is legally entitled to that share. Whether that determination would involve an accounting as between the plaintiffs and the defendants is not to be here considered, for evidently the question involved is only the legal one, and this case does not hang upon a difference between the parties as to the actual amounts received. In other words, it may be said that the same legal adjudication, which would give the whole of the Union Trust fund deposit to the representatives of the son, Henry, would carry with it also the right to the additional sum required to make up one-third of $1,000,000. The defendant Ellen S. Melcher stands upon the same right as the plaintiffs, and an adjudication of the character spoken of would affect her precisely as it does the plaintiffs. Hence, how can she claim that in this controversy the whole question is not to be decided, as to whether the plaintiffs and herself received each one-half of $1,000,000 from the whole fund, or each one-third of that fund, and the defendant administrators and trustees of Henry the other third?

It is plain by the joinder of the administrators and trustees of the estate of Henry Leiden Stevens, deceased, as parties defendant, it is regarded by all parties as essential that such defendants should have their day in court as having a possible interest in the subject of the controversy. It seems impossible, without the determination by the court now, upon this motion, of the interests of the parties as upon a trial, to avoid the allowance of an answer by those administrators and trustees setting up in full their interest in the $1,000,000 fund, of which the cash on deposit forms only a part. And, however significant the decision of the court of appeals in the case of Paget v. Melcher,.

156 N. Y. 399, 51 N. E. 24, may be as to the construction of a similar remainder in fee as to real estate conveyed in trust, such a question cannot be determined upon a motion to strike out an answer as irrelevant; and the right of trial is unaffected by any determination of the merits of a similar question, even by the highest courts. Nor is it necessary to determine whether the probate of the will in Massachusetts, the conversion of the realty in Boston into personalty, and any difference of decision under the laws of Massachusetts as to vested and contingent remainders, would require a different ruling than that adopted by our court of appeals.

In denying this motion I do not undertake to pass upon the question as to whether that part of the answer complained of is really a counterclaim, and whether a favorable judgment upon it would allow an accounting as between the administrators and trustees of Henry and the plaintiffs and Ellen S. Melcher. I simply hold that the allegations of that part of the answer are not irrelevant, and so deny the motion, with costs.

Motion denied, with costs.