(41 Misc. Rep. 616.)

### WEIDENFELD v. HOLLINS et al.

(Supreme Court, Special Term, New York County. November, 1903.)

**1. DISCOVERY—EXAMINATION OF CODEFENDANT BEFORE TRIAL.**

Plaintiff sued for an accounting from two managers of a syndicate for profits alleged to have been wrongfully realized by them from fraudulent sales of the syndicate stock. The answer admitted the transactions alleged, but charged the other defendants with wrongfully profiting from such sales, and asked that the participating defendants account. *Held* not to introduce a new cause of action, not provable under the complaint, in favor of the answering defendant against the participating defendants, and therefore such defendant may examine his codefendants before trial in order to show the nature and extent of the transaction.

Action by Camille Weidenfeld against Harry B. Hollins and others. Motion for reargument. Dismissed.

See 84 N. Y. Supp. 1084.

Davies, Stone & Auerbach, for defendants Hollins, Burke, Edey, Govin, Busch, Stephens, Jordan, Limburger, Morgan, and Thorne.

Harmon & Mathewson, for defendant Frank Tilford.

Thatcher, Barnum & Bartlett, for defendant George R. Sheldon.

Carter, Hughes, Rounds & Schurman, for defendant William H. Butler.

Peckham, Miller & King, for defendant George P. Butler.

Parsons, Closson & McIlvaine, for defendant W. Bourke Cockran.

DAVIS, J. This is an application on an order to show cause why there should not be granted a reargument of a motion to set aside

and vacate an order for the examination of defendants Burke, Edey, and Sheldon. The motion to set aside the order referred to was denied, and the defendants now claim that on the argument an important point was overlooked by both sides, and that the justice did not consider it in disposing of the motion. The point referred to is "whether the answer of William H. Butler to the amended complaint was one which can be lawfully interposed under the Code of Civil Procedure, and particularly under section 521 thereof." The action is brought for an accounting.

The amended complaint, after setting forth various agreements bringing together the defendants into a syndicate to purchase the controlling interest in the corporation known as Henry Clay Bock & Co., Limited, alleges that the defendants Govin and Tilford were appointed syndicate managers, with full power to buy this controlling interest, and to dispose of it at public or private sale, in their discretion; first, however, obtaining the consent of the trust company under certain conditions. Continuing, it then sets forth the agreement of the two managers to act in good faith and solely for the benefit of the plaintiff and their codefendants, to exercise due diligence and reasonable skill to sell the stock at not less than its reasonable value, and at the best price and upon the best terms attainable, and to account fully and fairly to the plaintiff and their codefendants for all the proceeds and considerations of any sale made by them. It further alleges that neither Govin nor Tilford has ever rendered any account to the plaintiff of their doings as syndicate managers, except that they caused the plaintiff to be informed that the stock referred to had been sold to the Havana Commercial Company for $2,000,-000, and that this amount was $250,000 in excess of the cost and the expenses of the syndicate, and that the defendants Govin and Tilford thereupon caused to be tendered plaintiff $10,416.67 as his share of the profits. Continuing, the amended complaint states that defendants Govin and Tilford sold the syndicate property to the Havana Commercial Company, but not for $2,000,000 simply; that its reasonable value was $10,000,000; that the pretended sale for $2,000,-000 was not made by them in good faith, but fraudulently, and in violation of their trust, and for secret considerations and inducements received by them, and affecting them personally, and for which they have not accounted.

To this amended complaint the defendant William H. Butler interposed an answer, in which he alleges that, under the syndicate agreements, the defendants Govin, Tilford, and Wilson, and the defendants composing the firm of H. B. Hollins & Co., were his fiduciaries, and were bound to act in good faith with the shares purchased, and for the mutual advantage of all parties to the agreement; that, in violation of their duty and agreement, these particular defendants fraudulently conspired to procure for themselves and others large profits in money and securities through the disposition of the shares of the Bock Company, acquired by the syndicate, and to deprive the defendant Butler of his due share thereof; that in furtherance of the conspiracy these particular defendants devised a scheme for a pretended sale of the Bock shares, owned by their syndicate, to the

Havana Commercial Company, at an alleged price of $2,000,000, which was much less than its real value; that pursuant to this scheme they procured the Bock shares owned by the syndicate to be transferred to the Havana Commercial Company upon a pretended consideration of $2,000,000, as a result of which the defendants composing the firm of H. B. Hollins & Co. and the defendants Govin, Tilford, and Wilson have made large profits, from which the defendant William H. Butler has been excluded, and for which they have not accounted. The answer also alleges that the defendants composing the firm of H. B. Hollins & Co. owned a majority of the capital stock of the Havana Commercial Company; that defendant Hollins was its president and a director; that defendants Burke, Govin, and Jordan were also directors; that the corporation was on the verge of insolvency, and its stock practically worthless; that its chief competitor was the Bock Company; that the defendants composing the firm of H. B. Hollins & Co. had guarantied the payment of the greater part of its indebtedness, amounting to $1,500,000, and that the Havana Commercial Company was unable to pay $2,000,000 for the Bock shares owned by the syndicate; and finally that the transfer of the Bock shares to this company was in bad faith, and for the purpose of giving control of these Bock shares to the owners of the stock of the Havana Commercial Company, controlled by the defendants composing the firm of H. B. Hollins & Co. The answer then asks for judgment requiring the defendants composing the firm of H. B. Hollins & Co. and the defendants Govin, Tilford and Wilson to account to the plaintiff, and to the defendant William H. Butler, and to other defendants.

It is claimed by the defendants Burke, Edey, and Sheldon that this answer sets up an entirely new and independent cause of action, not pleaded in the complaint, in favor of Butler against his codefendants. If this were so, proof in support of it would not be allowed at the trial, and therefore it would be a useless proceeding to allow the taking of such poof in advance of the trial. Bliss v. Winters, 40 App. Div. 622, 57 N. Y. Supp. 986; Powers v. Savin, 64 Hun, 560, 19 N. Y. Supp. 340. But, in the language of the latter case, "Has this defendant tendered an independent issue between himself and a codefendant, which is not raised by the complaint?" I would answer this inquiry in the negative. The complaint sets forth the various syndicate agreements, and charges the defendants Govin and Tilford with bad faith and fraudulent conduct in the sale of the property of the syndicate to the Havana Commercial Company. The answer of the defendant Butler admits all this, but goes further, and points out the way in which, and the defendants through whom, the alleged fraud was consummated, and asks that all of the defendants who participated therein be brought to account. The defendant Butler does not set up a new cause of action, nor does he plead a counterclaim. The plaintiff complains of an alleged fraudulent transaction—the sale of the Bock shares to the Havana Commercial Company. The defendant Butler complains of identically the same transaction. While the plaintiff involves only Govin and Tilford in the alleged fraud, the defendant Butler alleges facts implicating other defend-

ants with Govin and Tilford in the same alleged fraudulent act. The answer does not ask the court to inquire into any new transaction, but simply demands that the inquiry into the matters set forth in the complaint be pushed to its ultimate results, along lines indicated by the answer, with a view of ascertaining whether or not certain other defendants, as well as Govin and Tilford, were parties to the matters complained of. The answer sets forth no new transaction. It does not "depart from the domain of controversy drawn by the lines of the complaint." Stibbard v. Jay, 26 Misc. Rep. 260, 56 N. Y. Supp 777. It was not intended in the opinion handed down on the decision of the motion to vacate to convey the meaning that a new issue had been raised by the answer of Butler, different from and unconnected with that tendered by the complaint, but merely that new and additional facts had been set up for the purpose of showing the nature and extent of the alleged fraudulent transaction set up in the complaint, and the persons claimed by the defendant to have participated therein. I am firmly of the opinion that the answer of the defendant Butler is authorized by the Code, and that proof in support of it would be properly received at the trial. Therefore the motion for a reargument will be denied, with costs.

Motion denied, with costs.