NORTH RIVER SAVINGS BANK v. BUCKLEY et al.

(Supreme Court, Special Term, New York County. August 1, 1911.)

1. PLEADING (§ 365*)—STRIKING IRRELEVANT MATTER—"PERSON AGGRIEVED."

A defendant is a "person aggrieved" by the answer of a codefendant, which seeks to inject irrelevant matters into the action, within Code Civ. Proc. § 545, providing that irrelevant matter contained in a pleading may be stricken upon motion of a person aggrieved thereby.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1164; Dec. Dig. § 365.*

For other definitions, see Words and Phrases, vol. 1, pp. 271–273; vol. 8, p. 7569.]

2. MORTGAGES (§ 454*) — FORECLOSURE — PLEADINGS — ANSWER — IRRELEVANT MATTER.

The answer of one defendant, in an action to foreclose a mortgage executed by a decedent, denied that the wife of the mortgagor, also a defendant, or his executor, owned any interest in the land as alleged in the complaint, or had any lien thereon, and alleged that the answering defendant recovered a judgment against the executor which was unsatisfied, and that the assets in the hands of the executor were not more than sufficient to pay funeral expenses, and there is now due a large sum upon the judgment, that the deed from the mortgagor to defendant, his wife, was without consideration and to defraud creditors, and that the mortgagor died insolvent, and the relief prayed was that the conveyance to the wife be declared void, and that any surplus moneys on the sale of the property be paid to the answering defendant and other creditors, and the wife be enjoined from receiving any of it. Held, that the answer could be stricken as irrelevant, the denial of ownership in the wife being irrelevant, since it is sufficient to join her as a defendant if she claims an interest, and the denial of such interest is immaterial in the foreclosure proceeding and can only become material upon the disposition of any surplus, and the new matter alleged being irrelevant because the answering defendant's rights are subordinate to the mortgage and can only be determined in a separate proceeding according to statute in the event there is a surplus.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 454.*]

Action by the North River Savings Bank against Josephine G. Buckley and others. On motion by Josephine G. Buckley to strike parts of the answer of the American Bridge Company for irrelevancy. Motion granted.

Joseph Kaufman (Edward Kaufman, of counsel), for the motion.
Wilmer, Canfield & Stone (Karl T. Frederick and Chester R. Dewey, of counsel), opposed.

GIEGERICH, J. This is an action to foreclose a mortgage made by one Richard W. Buckley upon premises then owned by him. The

complaint alleges the making of the bond and mortgage on or about July 6, 1885; their assignment to the plaintiff; the death of Richard W. Buckley; that the defendant Josephine G. Buckley, the widow of said Richard W. Buckley, thereafter became the owner of the said premises; her agreement to pay the mortgage debt and the nonpayment thereof. Then follows the general allegation that each and all of the defendants have or claim to have some interest in or lien upon the mortgaged premises, which interest or lien, if any, is subordinate to the lien of the mortgage. Judgment is demanded in the usual form foreclosing the defendants and all persons claiming under them of all right, lien, and equity of redemption in the mortgaged premises; directing that the premises be sold; that the costs and expenses of the sale and the plaintiff's mortgage be satisfied from the proceeds of the sale as far as such proceeds will pay the same; and that the defendants Josephine G. Buckley and Richard Lydon, as executor of the will of Richard Buckley, deceased, be adjudged to pay any deficiency. The defendant American Bridge Company of New York has interposed an answer, which has been served upon its codefendant, Josephine G. Buckley, and the latter now moves to strike out as irrelevant the entire answer, excepting the allegation therein contained that the said defendant is a domestic corporation.

[1] That a defendant is a person aggrieved within the meaning of section 545 of the Code of Civil Procedure when a controversy which does not properly belong in the action is sought to be interjected therein by the answer of a codefendant has been decided. Stibbard v. Jay, 26 Misc. Rep. 260, 56 N. Y. Supp. 777, and cases cited. It is therefore necessary to examine the allegations of the answer here objected to and to decide whether or not they tender issues which can properly be determined by the judgment in this action. The answer first denies that the defendant Josephine G. Buckley is or ever has been the owner of the premises in question since January 5, 1907, or that she has any interest in or lien upon such premises. The answer then goes on to allege that on or about November 22, 1910, the answering defendant, hereinafter called the Bridge Company, recovered a judgment against the defendant Richard P. Lydon, as executor of the will of Richard W. Buckley, deceased, and others; that execution against the property of such other defendants has been returned unsatisfied and an application made to the Surrogates' Court for leave to issue execution against the executor of Richard W..Buckley, deceased (the defendant Lydon), has been denied, the answer of the executor having shown that the assets coming into his hands had been no more than sufficient to pay funeral expenses; that there is now due and owing upon the said judgment upwards of $180,000; that the deed of conveyance from Richard W. Buckley to his wife, the defendant Josephine G. Buckley, executed on or about May 19, 1908, was made without consideration and with intent to hinder, delay, and defraud creditors, the facts justifying such inference being set out; and that the said Richard W. Buckley died wholly insolvent. The relief demanded is that the conveyance to the defendant Josephine G. Buckley be declared fraudulent and void; that the said defendant account for the

rents, issues, and profits; that they be disposed of in this action in the same manner as the proceeds of the sale; that the surplus moneys, if any, be paid to the Bridge Company and other creditors or be disposed of according to the requirements of law and equity; that a receiver be appointed to hold said surplus moneys; that the defendant Josephine G. Buckley be enjoined from receiving, assigning, drawing out, paying, or in any way disposing of the same; that the chamberlain or any person into whose custody said surplus moneys may come be enjoined from paying out the same to the defendant Josephine G. Buckley; and that the answering defendant have such other and further relief as may be just.

[2] I have stated the substance of the pleadings thus at length, because I think that the proper decision of the question before me must be apparent from such statement. In the first place, the denials contained in the answer raise no issue, because it is quite immaterial whether or not the defendant Josephine G. Buckley is or ever has been the owner of the premises. It is enough that she is joined as a defendant under the general allegation that she has or claims to have some interest in or lien upon the premises (Drury v. Clark, 16 How. Prac. 424), and as such interest or lien, if any, is alleged to be subordinate to that of the mortgage, and therefore can only become material upon the disposition of the surplus moneys, the denial of such an interest or lien cannot raise an issue. 2 Abb. Forms of Pleading, 1268 et seq., and notes. As to the new matter set up in the answer, it is clear that whatever rights the Bridge Company may have are wholly subordinate to the mortgage sought to be foreclosed; that defendant cannot prevent the foreclosure of the mortgage or the sale of the mortgaged premises. It follows that, if it has any rights which can be held to attach to the land or its proceeds, such rights can be asserted only against the fund constituting the surplus, if any, derived from the sale which must be decreed. Now, in the first place, there may not be any surplus, so that the controversy which the Bridge Company seeks to litigate may turn out to be purely academic. But, in the next place, even if it could be assumed that there would be a surplus, the court has no power to dispose of it between the parties to the action by its judgment of foreclosure and sale. If there is a surplus, it must be paid into court (Code, § 1633); and the question of who is entitled to it becomes the subject of a subsequent special proceeding in which all parties to the action and all other persons having liens are entitled to be heard. It follows, therefore, that since the Bridge Company's rights do not in any manner affect the prosecution of the cause of action set up in the complaint (Kay v. Whittaker, 44 N. Y. 565; Albany City Sav. Inst. v. Burdick, 87 N. Y. 40), and since they could not be enforced by the judgment of foreclosure and sale, the attempt to litigate them in this action is improper, and this is more especially so since, as already shown, no real controversy can arise between the two defendants until the sale has been had and has resulted in a surplus over and above the plaintiff's claims and the costs and disbursements of the action and of the sale. If the conclusion reached on this point requires the citation

of authorities, it is, I think, sustained by the cases of Kay v. Whittaker, supra, and Mutual Life Ins. Co. v. Cranwell, 56 Hun, 645, 10 N. Y. Supp. 404.

It would seem that the Bridge Company's rights in the premises might properly be determined in the surplus money proceeding if a surplus shall result from the sale. Bergen v. Carman, 79 N. Y. 146; Rogers v. Ivers, 23 Hun, 424; Wilcox v. Drought, 36 Misc. Rep. 351, 73 N. Y. Supp. 587, affirmed 71 App. Div. 402, 75 N. Y. Supp. 960; Wilkinson v. Paddock, 57 Hun, 191, 11 N. Y. Supp. 442.

The case of Albro v. Blum, 5 App. Div. 309, 39 N. Y. Supp. 215, is cited to the contrary. That case was decided upon the principle that no claim to surplus moneys could be made except by one who had a lien upon the mortgaged premises at the time of the sale. Of course the principle so announced was not intended to be a full statement of the law, since such a principle would exclude the owner of the equity from any right to share in the surplus. It has, however, been decided that a judgment creditor of a fraudulent grantor of real property, although his judgment is not recovered until after the fraudulent transfer has been accomplished, acquires, by virtue of his judgment, a lien upon the lands of the judgment debtor so fraudulently transferred, which he is entitled to assert in a surplus money proceeding. Wilkinson v. Paddock, supra, and cases there cited. This decision, therefore, is sufficient to bring the present case within the general principle upon which the decision in the Albro Case proceeded. It was likewise held in Bergen v. Carman, supra, that where a debtor has made a fraudulent conveyance of real property a subsequent judgment creditor may sell the property under execution, and that the purchaser at such sale may impeach the fraudulent conveyance upon a reference in a surplus money proceeding and so assert his claim to a share of the surplus moneys. What the purchaser at the execution sale could do, could, of course, equally have been done by the judgment creditor himself. The cases last cited, therefore, seem to dispose of the question discussed in the briefs concerning the possible rights of the Bridge Company in a surplus money proceeding if such a proceeding shall ultimately be had.

In the present case the claim of Josephine G. Buckley to any share of the surplus moneys must rest upon the conveyance made to her by her husband, and her right so to share in the surplus consequently depends upon the validity of that conveyance. Before the amount of her share can be determined, it will certainly be open to inquiry whether or not she has any valid claim at all to the fund or any part of it, and under the authority of the cases last cited, which were not referred to in the Albro Case, the Bridge Company would be entitled to contest her claim or the claims of others derived through her.

Motion granted, with $10 costs.