JOHN FLEMING, Plaintiff, *v.* JAMES J. LARKIN, as Sole Surviving Executor, etc., of JOHN FLEMING, Deceased, Appellant, Impleaded with JOHN FLEMING, JR., and Others, Defendants, and MORAN TOWING AND TRANSPORTATION COMPANY, Respondent.

First Department, July 1, 1921.

Pleadings — suit for construction of will — motion by defendant trustee to strike out irrelevant allegations of intervenor demanding payment of its claim against plaintiff granted.

In a suit to obtain the construction of a will and to determine whether and to what extent the plaintiff is entitled to receive the trust estate, a motion by the defendant trustee to strike out allegations in the answer of an intervenor setting forth the particulars with reference to its claim against the plaintiff and its reduction to judgment, the issuance of a garnishee execution and the obtaining of a lien against said trust estate and the income thereof, and the demand for judgment that the funds in the hands of the defendant trustee be held liable for the claim of said intervenor and that payment be decreed, should have been granted, for such matters are clearly not within the controversy as determined by the complaint.

APPEAL by the defendant, James J. Larkin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of March, 1921, denying said defendant's motion to strike out each and every affirmative defense from the anwer of the defendant Moran Towing and Transportation Company.

*Thornton Earle,* for the appellant.

*David L. Podell* of counsel [*Benjamin S. Kirsh* with him on the brief], for the guardian of John Fleming, Jr., defendant, in support of appellant.

*Donald H. Millard* of counsel [*Paul Bonynge,* attorney], for the respondent.

MERRELL, J.:

This appeal is from an order denying the motion of the defendant James J. Larkin, as sole executor and trustee under

the last will and testament of John Fleming, deceased, for an order to strike from the answer of the defendant Moran Towing and Transportation Company each and every affirmative defense therein set forth.

This action is brought in equity by the plaintiff John Fleming to procure a judicial construction of the last will and testament of his father, John Fleming, deceased, and to obtain the decree of the court directing the defendant James J. Larkin, as sole surviving executor of and trustee under his father's will, to pay over to the plaintiff the whole or a part of the residuary estate of his said father. The will of John Fleming, deceased, among other things, by its 14th clause, provided that the residue of his estate should be held by his executors named in said will, or the survivor of them, in trust to invest the same and receive the income therefrom, to pay taxes and expenses thereon, and pay over the net income therefrom in such sums as testator's said executors in their wise judgment and discretion might deem proper to his son, the plaintiff, until he should attain the age of twenty-five years, at which time, the will provided, by said 14th clause, that he should be paid the sum of $50,000, and upon the plaintiff reaching the age of thirty years, if at that time, in the wise judgment and discretion of testator's said executors, or the survivor of them, testator's said son, the plaintiff, was capable of properly managing, caring for and preserving the same, then the testator directed that the remainder of his residuary estate be paid over to his son, the plaintiff, absolutely and forever. By said clause the testator further provided that in case said executors in their wise judgment and discretion should determine that the plaintiff was not capable of properly managing and caring for the remaining principal of the residuary of testator's estate upon arriving at thirty years of age, then the executors, or the survivor of them, were directed to continue said trust until such time as they might determine that the plaintiff was competent to properly manage and care for the same or until his death, in the meantime paying the net income to testator's said son, the plaintiff, in such sums and at such times as said executors might elect. In the event of the death of said son before distribution of

said residuary estate, the testator left the same to other beneficiaries.

The plaintiff, in his complaint, alleges that he has attained the age of thirty years, and that he has since his father's death conducted his business, and that the defendant Larkin, as sole surviving executor and trustee under said will, has determined and should determine that the plaintiff is entitled to said residuary estate, and the plaintiff demands judgment for a construction of his father's will, and particularly the 14th clause thereof, in such manner that the defendant, as sole surviving executor and trustee, be directed to pay to the plaintiff the entire balance of said residuary estate.

The defendant Larkin, as sole surviving executor, answered in the action, denying the allegations of the plaintiff's complaint as to his ability to successfully manage the residuary estate, and alleging the necessity for the continuance of said trust in the hands of said defendant.

The Moran Towing and Transportation Company, after the commencement of said action, applied to the court for leave to intervene as a party defendant, alleging that it was a judgment creditor of the plaintiff and had obtained a judgment against him in the Kings County Supreme Court on July 13, 1920, in the sum of $18,243.14, and that execution against said plaintiff was returned unsatisfied, and that thereafter an order was made and entered directing a garnishee execution against the income of said residuary estate held in trust by the defendant Larkin and which income was payable to the said plaintiff by said trustee, and that thereupon such execution was issued to the sheriff of New York county and thereby the said trustee was required to pay ten per cent of the income of said estate to said sheriff, and that thereby the Moran Towing and Transportation Company acquired and now possesses a specific lien upon the trust estate and the income thereof, and was a necessary party to the action affecting the same. An order was made permitting said defendant to intervene. Thereupon the said intervening defendant answered, denying the allegations of the 17th clause of plaintiff's complaint, wherein the plaintiff alleged that said plaintiff and the defendant James J. Larkin, as sole surviving executor and trustee of the last will and testament of John Fleming,

deceased, and John Fleming, Jr., and the other contingent remaindermen named in said will were the only parties interested therein, and by way of further answer to the complaint the said intervening defendant, as a basis for affirmative relief in its favor, alleged and set forth its claim against the estate of the testator and in particular against the interest therein of the plaintiff, alleging and setting forth the particulars with reference to its claim against the plaintiff and its reduction to judgment, the issuance of the garnishee execution, and the obtaining of the lien of said towing company against said trust estate and the income thereof. The intervening defendant, in its answer, demanded judgment adjudging and decreeing that the estate of the decedent and the trust funds and property in the hands of the defendant Larkin, as trustee, were liable for the claim of the said intervening defendant, and that the court decree that the said surviving executor pay to the said intervening defendant in satisfaction of its said claim the balance due, with interest. It was to strike out the allegations of said answer of the intervening defendant that the appellant applied, and his application was denied. In such denial I think the court clearly erred.

The action is brought to obtain a construction of the will of the testator, and to determine whether and to what extent the plaintiff is entitled to receive the trust estate. In the answer of the intervenor an attempt is made to allege and have litigated matters clearly not within the domain of the controversy as determined by the complaint. This may not be done. (*Nauss* v. *Nauss Brothers Co., No. 2,* 195 App. Div. 328.)

The defendant trustee properly moved to strike out the irrelevant matter contained in the respondent's answer. He could not demur, and his only remedy was by motion to strike out. (Code Civ. Proc. § 545; *Stibbard* v. *Jay,* 26 Misc. Rep. 261; *North River Savings Bank* v. *Buckley,* 130 N. Y. Supp. 787; *Bradley* v. *Sweeny, No. 1,* 120 App. Div. 315, 317.)

If the plaintiff is unsuccessful in his attempt to procure a decree herein directing the turning over to him of the trust estate and the trust continues, then the rights of the intervenor will be protected under the existing order that the said

defendant be paid ten per cent of the income from the trust fund payable to plaintiff. If the plaintiff succeeds herein in obtaining possession of the corpus of the trust estate, then the judgment of the respondent will certainly be good, and its rights may be amply protected through adequate means provided by law for the enforcement of the lien of its judgment against the plaintiff.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion of the defendant, appellant, be granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and defendant, appellant's motion granted, with ten dollars costs.